## Pittsburg and Connellsville Railroad Co. *versus* Mt. Pleasant and Broad Ford Railroad Co.

76        481
25 SC ²371

1. A plea in abatement may be stricken off when it is irregular, not filed in time, not verified by affidavit or when the pleas are double; but not on the ground of insufficiency.

2. A plea in abatement averred the pendency of another suit for the same cause of action, the defendant denying that there was such suit, should have pleaded *nul tiel record*, or if he admitted the truth of the plea and denied its sufficiency should have demurred.

3. A railroad was leased to a railroad company, the lessors alleging a breach of covenants by the lessees, declared the lease forfeited and took possession of the road. A bill was filed in the Supreme Court by the lessees to restrain the lessors from interfering with them in the use of the road; a preliminary injunction was awarded forbidding the lessees to use the road, &c., until the further order of the court. Then the lessees filed a cross-bill, setting out the breaches of the lease, &c., and praying for a decree to reinstate them in possession of the road; answers were filed to both bills and a master appointed to take testimony. Whilst the matter was before him, the lessors brought an ejectment for their road on the ground of the forfeiture. *Held*, that pending the equity suit the lessors could not institute another proceeding involving the same question.

4. The Supreme Court had jurisdiction to relieve against forfeiture, on general principles, independently of the Act of April 10th 1869.

5. The preliminary injunction had the force of a final one until dissolved or made perpetual; and might be pleaded in abatement to the ejectment.

6. The lessors might have demurred to the bill in equity that the forfeiture was not such as equity would have relieved against, and if decided in their favor, could have proceeded at law.

October 27th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1874, No. 246.

This was an action of ejectment, brought June 16th 1873, to August Term of the court below, by the Southwestern Railroad Company, lessees of the Mt. Pleasant and Broad Ford Railroad Company, against the Pittsburg and Connellsville Railroad Company " for the Mt. Pleasant and Broad Ford Railroad, being a tract of four rods in width, beginning, &c., and running, &c., to a point on the Pittsburg and Connellsville Railroad." On the 18th of August, on motion of plaintiffs' attorney, the style of the suit was amended by striking off the Southwestern Railroad Company as a party, and rule taken on defendants to plead in ten days.

The allegations of the plaintiffs were that they had leased their railroad to the defendants for ninety-nine years, upon conditions stated in the charge of Judge Sterrett, hereafter given, that the defendants had broken the conditions, and the lease was therefore forfeited; this ejectment was brought to enforce the forfeiture.

On the 13th of September 1873, the defendants filed two pleas in abatement, viz. :—

1. The said defendants, by Markle & McCullough, their attor-

26 P. F. SMITH—31

[*Pittsburg & Conn. Railroad Co. v. Mt. Pleasant, &c., Railroad Co.*]

neys, come and defend the wrong and injury, when, &c., and say that the said plaintiffs ought not to have or maintain their aforesaid action of ejectment against the said defendants, and pray judgment of the said writ of ejectment, because, they say, that before the issuing of the said writ, to wit, on the 29th day of April 1873, at No. 79, of October and November Term, 1873, of the Supreme Court of the State of Pennsylvania, the said the Pittsburg and Connellsville Railroad Company filed their certain bill of complaint against the said the Mt. Pleasant and Broad Ford Railroad Company, wherein and whereby the said the Pittsburg and Connellsville Railroad Company prayed the said the Mt. Pleasant and Broad Ford Railroad Company might be restrained by injunction from interfering with the possession and enjoyment by the said the Pittsburg and Connellsville Railroad Company, as lessees, of a certain railroad and appertenances, situate in the county of Westmoreland, and from setting up or pretending any forfeiture of the rights of the said the Pittsburg and Connellsville Railroad Company of, in and to said road, and the franchises to run and operate the same, by reason of any alleged causes of forfeiture, which said alleged causes or grounds of forfeiture the said bill averred to be wholly false, to which said bill of complaint the said the Mt. Pleasant and Broad Ford Railroad Company did duly appear to the said bill, and subject themselves to the jurisdiction of the said court, the said court then and still being holden at Pittsburg, in the county of Allegheny, as by the record and proceedings thereof, remaining in the said court, more fully appears. And the said defendants further say, that the parties in this and the former suit are the same, and not other or different persons, and that the supposed causes of action in this, and in the former suit, and each and every of them, are the same, and not other or different causes of action; and that the said former suit is still depending in the said Supreme Court of Pennsylvania. And this the said defendants are ready to verify. Wherefore they pray judgment of the said writ of ejectment in this suit, and that the same may be quashed, &c.

2. That after the bringing of said action, and the issuing of the said writ, to wit, on the          day of          , 1873, at No. 79, of the October and November Term, 1873, of the Supreme Court of Pennsylvania, the said court then and still being holden at Pittsburg, in the county of Allegheny, the said the Mt. Pleasant and Broad Ford Railroad Company impleaded the said the Pittsburg and Connellsville Railroad Company, the said defendants, and exhibited their said bill of complaint against them, and prayed the said court to declare the rights and privileges of possession and enjoyment of that certain tract of land situate in the county of Westmoreland, and fully described in the plaintiffs' said writ of ejectment, and whereon is erected a certain railroad,

as forfeited, and at an end, and that the said the Pittsburg and Connellsville Railroad Company should be decreed to surrender and yield the possession of said tract of land and railroad unto the said the Mt. Pleasant and Broad Ford Railroad Company, for the same causes of action and forfeiture as those relied upon in the present suit; and that the said the Pittsburg and Connellsville Railroad Company duly appeared and responded to said bill, and subjected themselves to the jurisdiction of the said court, as in and by the record and proceedings thereof, remaining in the said Supreme Court of Pennsylvania aforesaid, more fully appears. And the said defendants further say, that the parties in this and the said suit in the Supreme Court are the same, and not other and different parties, and that the causes of action averred in the said suit, in the said Supreme Court, and the causes of action wherein this present suit is pending are the same, and not other and different causes of action ; and that the said suit is still depending in the said Supreme Court of Pennsylvania, and this the said defendants are ready to verify, and wherefore they pray judgment of the said writ of ejectment, that the same may be quashed, &c.

On the 7th of February 1874, the defendants pleaded " Not guilty." On the 4th of April 1874, the case came on to be heard on the pleas of abatement and on the motion of plaintiffs' attorney to strike off the same, and was argued by counsel, and in consideration thereof, it is ordered that judgment be entered on said pleas in favor of the plaintiffs, * * * and it is ordered that the case be set down for trial on the issue formed by said plea of " Not guilty" for the next special court.

The case was called for trial June 2d 1874, before Sterrett, P. J., of the Fifth district. The defendants objected to the jury being sworn, and protested against being compelled to go into a trial pending the case in the Supreme Court.

The objection was overruled and the jury was called.

There was a large amount of testimony, oral and other, by both parties. Amongst other evidence, the defendants gave in evidence an exemplification of the record in the Supreme Court mentioned in the pleas in abatement, for the purpose of showing that a preliminary injunction had been granted in that case against the plaintiffs in this suit, before it was brought.

The bill in that case averred a lease dated January 2d 1871, from Mount Pleasant and Broad Ford Railroad Company (plaintiffs here) to the defendants here upon the terms set out in the bill ; that on the 28th of March 1873, the directors of that company declared the lease at an end and displaced portions of the track of their railroad, so as to prevent the lessees' use and management of it, and had a large force of men to prevent the lessees from using the road, &c., and to interrupt the lessees in restoring the road, &c. ; that the directors of the lessors gave as a reason for declaring

[Pittsburg & Conn. Railroad Co. *v.* Mt. Pleasant, &c., Railroad Co.]

the lease void, &c., that the lessees had failed to comply with their covenants in the lease and had not paid over the rent reserved; the lessees averred that these allegations were untrue, set out the condition of the accounts between them and the lessees, and averred that on a settlement there would be a balance in favor of the lessees.

The prayers were for a preliminary and afterwards a final injunction, to restrain the lessees from interfering with the lessees in replacing the track and restoring their road and in their possession and management of it: for an account, and that the lessees be restrained from asserting their pretended rights to take possession of the railroad, &c.

On the filing of the bill a preliminary injunction was issued, viz. :—

And now, May 19th 1873, it is ordered, adjudged and decreed, that a preliminary writ of injunction, without security, be issued against the Mount Pleasant and Broad Ford Railroad Company, forbidding it, its agents and employees, and other persons, to exercise any corporate privileges, or use its own railroad within this state, until the further order of the court.

The cross-bill of the Mount Pleasant and Broad Ford Railroad Company, referred to in the second plea in abatement, set out the filing of the above bill and the granting by the Supreme Court of a preliminary injunction on the 19th of May 1873; and the filing by the Mount Pleasant Company of an answer to the bill. They further averred that in addition to the payment of the stipulated rent, the main inducement to make the lease, as was well understood by the lessees, was that the road should be kept in good repair, and adequate motive power placed on it, it being located through a valuable coal region, and it had been built mainly through the subscriptions of the owners of coal property along it, to furnish an outlet for coal and coke; that the lessees took possession of the road under the lease, in March 1871, and completed it about June 1st 1871, and since then, until March 28th 1873, when the lessors resumed possession, the lessees had wholly failed to comply with any of the three covenants on their part which were the main inducements for making the lease, viz., to furnish the road with motive and rolling stock, to keep the road in repair and to account for and pay to the lessors the rent, &c.

. The prayer was to dismiss the lessees' bill of complaint and by decree reinstate the lessors in the possession of the railroad; that the lease be delivered up to be cancelled and the lessees be perpetually enjoined from setting it up, and that they pay for the use of the road, &c.

The lessees filed an answer to the cross-bill; both bills and their answers were referred to a master, to take testimony and report the same; and the master was still sitting.

[Pittsburg & Conn. Railroad Co. *v.* Mt. Pleasant, &c., Railroad Co.]

A number of exceptions were taken to the admission of evidence and the charge of the court, which it is unnecessary to particularize. The charge of Judge Sterrett, and the opinion of the Supreme Court, will sufficiently exhibit the points of contention.

The court charged : * * *

" The Mount Pleasant and Broad Ford Railroad Company, as appears from the evidence, under its charter prior to 1871, located and graded the road in question. When the grading was completed, or nearly completed, they appear to have made an arrangement with the Pittsburg and Connellsville Railroad Company for the laying of the track, and shortly afterwards they entered into the lease of the 2d of January 1871, that has been given in evidence. That lease was to the Pittsburg and Connellsville Railroad Company for the term of ninety-nine years, and contained stipulations which you have heard read. The compensation to be received by the Mount Pleasant and Broad Ford Railroad Company for the use of the road by the Pittsburg and Connellsville Railroad Company, as provided in the lease, was one-third of the gross earnings of the road, and the lease also contains a stipulation, that if the one-third of these earnings does not amount to six per cent. on the capital stock paid in, the lessees shall make up the difference. The minimum amount of the rent is to be six per cent. on the amount of capital stock paid in by the Mount Pleasant and Broad Ford Railroad company, and if the one-third of the gross earnings exceed that, as a matter of course, they are to pay the whole amount.

" Then the lease, contained other covenants, specifying what the lessees were to do, and what should be the consequences in the event of their failure to perform the covenants. I will read a portion of the lease : ' For and in consideration of the foregoing demise, do hereby covenant and agree with the parties of the first part, that they, the said parties of the second part, * * * shall and will account for, and pay unto the said parties of the first part, semi-annually, on the 1st days of January and July, during the continuance of the said term, one-third of the gross earnings of the said railroad, so as above demised, from all sources whatsoever derived, &c., * * * that they, the said parties of the second part, do covenant and guarantee that the amount of the said one-third of the gross earnings, so as aforesaid payable unto the said parties of the first part, shall not be less than six per cent. per annum on the capital stock paid in of the said parties of the first part, and that they, the said parties of the second part, shall and will make good any deficiency, so that the share of earning of the said parties of the first part shall always equal said six per cent, on their stock.'

" Now here come the provisions that are complained of more particularly.

" ' That they, the said parties of the second part, will furnish

[Pittsburg & Conn. Railroad Co. *v.* Mt. Pleasant, &c., Railroad Co.]

said road, demised to them as aforesaid, with an adequate amount of motive power and rolling stock ; and they will renew and increase the same from time to time, as increase in the trade and travel may render necessary ; that they will at once, upon the completion of said road, put on and maintain at least one train each way per day on said road, and put additional trains thereon as soon as and whenever the same are rendered necessary by the trade, travel and business of said road. * * * The said parties of the second part do further agree to keep the said railroad hereby leased in good repair, order and condition, during the continuance of said lease, and surrender the same at the end thereof, in like good order and condition.' * * * Now comes the provision for the failure to comply with the provisions I have just read : ' In case of the failure of the said parties of the second part to comply with their covenants herein contained, and to pay over the rent hereinbefore reserved, for a period of sixty days from and after the same, or any instalment thereof, shall have become due, then such failure may, at the option of the said parties of the first part, be deemed and treated as good cause for forfeiting and determining said lease and term, and the said parties of the first part may take possession of the railroad, so as aforesaid demised.' That is all that is material in the lease. You will observe that it was a long one —for a period of ninety-nine years—and that whether it was remunerative to the lessors or owners of the road or not, depended upon whether the road was properly stocked with rolling stock and motive power and kept in good repair, order and condition. Hence these covenants in the lease : First, that the lessors will keep the railroad in good repair, order and condition ; that they will furnish it with an adequate amount of rolling stock from time to time as the demands of trade may require. Inasmuch as the amount of the one-third of the gross earnings depended upon the successful operation of the road and the accommodation of the trade and traffic upon the road, of course it was important that these stipulations should be in the lease. It was right that the lessors should insert these provisions for their own benefit as well as in the discharge of a duty they owed to the public. They were incorporated for the purpose of constructing a road to accommodate the public as well as to be remunerative to the stockholders. These stipulations are then all contained in the lease, and as a penalty, as a means of enforcing the performance of the conditions, they have provided the right to repossess themselves of the road, and that a failure to perform these covenants shall work a forfeiture and termination of the lease. That is what is asserted here by the plaintiffs. This lease was entered into by the parties named for their mutual benefit and advantage. The plaintiffs are here asserting that this lease has been broken in three respects, that three of the covenants have been violated, and they claim that under

[Pittsburg & Conn. Railroad Co. v. Mt. Pleasant, &c., Railroad Co.]

the terms of the lease a forfeiture has ensued, and they have the right to the possession of the road, and not the lessees. This action of ejectment is brought for the purpose of determining that right of possession. * * * It seems to be admitted that on the 28th of March 1873, the lessors took possession of the road and continued in possession of it some fifty-one days. Shortly after the lessees resumed possession of the road again, this action of ejectment was brought. * * *

"As I said, the plaintiffs allege a forfeiture of the lease on three grounds. The first is, that the defendants did not account for and pay over to the plaintiffs the semi-annual instalment of rent, due January 1st 1873, at the time the same was due and payable, nor within sixty days thereafter. The second is, that the defendants did·not keep the leased road in good repair, order and condition during the continuance of the lease. The third is, that the defendants did not provide the leased road from time to time, as the increase in the trade and travel rendered necessary, an adequate amount of rolling stock and motive power. The plaintiffs claim that if there was a breach of the covenants on the part of the lessees—the defendants in this case—in either of these respects, they are entitled to recover.

"With regard to the first breach asserted, that is, the non-payment of the rent at the time it was due and payable, or within sixty days thereafter, according to the stipulations of the terms of the agreement, that is a matter against which, perhaps, equity would relieve. But it is not necessary to consider that aspect of the case at present. * * *

"With regard to the other forfeitures, however, there are some against which courts of equity do not grant relief. They become absolute forfeitures at law, and it is claimed that such is the case in regard to the second and third grounds alleged by the plaintiffs in this action; that, however, is a matter with which you have nothing to do. It is a matter with which the court has to deal after you may have rendered your verdict.

"The questions, then, upon which you are here to pass arise under these three propositions. The plaintiffs assert a forfeiture of. the lease, and their right to be restored to the possession of the railroad on each of the three grounds I have stated; of course the burden of proving a breach of the covenants on the part of the lessees, is upon the plaintiffs. They assert a breach of the covenants and the burden of making the proof is upon them. It will be for you to consider carefully the evidence that has been offered on the one side, as well as on the other, and after carefully considering it, say for yourselves whether these propositions are or are not established. If the preponderance of proof is in favor of the proposition asserted by the plaintiffs, then you ought so to find. If, on the other hand, the weight of the testi

mony is with the defendants (or is not with the plaintiffs, rather), your verdict, so far as each proposition is concerned, ought to be in favor of the defendants, and in order that if you find in favor of the plaintiffs, under the instructions we give, we desire you to specify upon which of the grounds, if not upon all, you find in favor of the plaintiffs; that is to say, if your verdict is in favor of the plaintiffs in this case, we wish you to say whether it is upon the first, second or third proposition, that we may have upon record, in connection with your verdict, the ground of your finding, whether you find on the ground that all the covenants alleged to have been broken, were broken, or, if any one was broken, which one. If you find that neither of the covenants, alleged to have been broken by the defendants, were broken, then, of course, your verdict will be for the defendants, without saying more. You will inquire, in the first place (or in any other order you choose), whether the defendants did or did not account for and pay over to the plaintiffs the semi-annual rent due January 1st 1873, at the time the same was due and payable, or within sixty days thereafter. On this point I think there is no dispute as to the fact. * * *

"The second ground of forfeiture alleged, is that the defendants did not keep the leased railroad in good repair, order and condition, during the continuance of the lease. That is a question of fact for you, gentlemen, to find under the evidence. If you are satisfied from the evidence that the defendants did not keep the leased road in good repair, order and condition, during the continuance of the lease, then you will find for the plaintiffs on that ground. The third ground asserted is, that the defendants did not provide the leased road from time to time, as increase in the trade and travel rendered necessary, with the adequate amount of motive power and rolling stock. From the weight of the evidence, if you believe that proposition is sustained, you will find for the plaintiffs on that ground, and as I have already said, if you find for the plaintiffs on either of these grounds, you will specify on which one; and if upon all, you will say upon all." * * *

The court then answered the points of defendants.

The jury found for the plaintiffs, and further said they so found on the following grounds:—

1. That the defendants did not account for and pay over to the plaintiffs the semi-annual instalment of rent, due January 1st 1873, at the time the same was due and payable, nor within sixty days thereafter, and that the balance, as claimed by the defendants, of said instalment, was not paid until the 15th day of August 1873, and then received without prejudice.

2. That the defendants did not provide the leased road from time to time, as increase in the trade and travel rendered necessary, with an adequate amount of motive power and rolling stock.

[Pittsburg & Conn. Railroad Co. v. Mt. Pleasant, &c., Railroad Co.]

The defendants took a writ of error, and assigned a number of errors, not necessary to specify to the understanding of the opinion of the Supreme Court.

*G. Shiras, Jr.* (with whom were *D. Kaine* and *Markle & Mc-Cullough*), for plaintiffs in error.

*E. Cowan* and *H. D. Foster*, for defendants in error.—The right being a legal one, the Supreme Court had not jurisdiction to try the issues on a bill in equity or a cross-bill. The bill was not to restrain the defendants from proceeding at law, but from proceeding by force. The Act of April 10th 1869, Pamph. L. 25, 2 Br. Purd. 1228, pl. 77, &c., if it designs to give equity power to try a legal right, is unconstitutional, as taking away trial by jury: North Pennsylvania Railroad Co. *v.* Snowden, 6 Wright 488. If a tenant refuse to yield possession, the landlord must proceed by legal measures: Comyn on Land. & Ten. 281; Penn *v.* Devellin, 2 Yeates 310; Black *v.* Hepburne, Id. 331. Ejectment lies to enforce a condition in a deed: Bear *v.* Whisler, 7 Watts 144; Kline *v.* Johnston, 12 Harris 72; Clark *v.* Everly, 8 W. & S. 230; Newman *v.* Rutter, 8 Watts 51.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 4th 1875.

There are several questions raised by the assignments of error upon this record, which we deem it unnecessary to discuss, as we are of opinion that there was substantial error in the judgment entered in the court below on the pleas in abatement.

That the judgment was technically wrong there can be no doubt. There was no issue, either of law or fact, upon either of the pleas. A motion was made to strike them off. Such a course is proper when the plea is irregular—not filed in time—not verified by affidavit ; or when the pleas are double, leave of court never being granted, under the Statute of Anne, to file more than one dilatory plea, or when it is filed after a plea in bar: Stephens on Plead. 276. Had the motion been granted, and the plea stricken off, it might have been all right on some of these grounds. But this course cannot be resorted to when the objection to the plea is its insufficiency: Ralph *v.* Brown, 3 W. & S. 395. The plaintiffs ought to have replied *nul tiel record*, or have demurred ; and then, if the record when produced did not support the plea, or if it was insufficient, admitting its truth, the judgment of the court would properly have been for the plaintiffs *quod respondeat ouster*.

It is evident, however, that the court proceeded as if there had been a demurrer ; the objection below, as well as in this court, having been exclusively to the sufficiency of the pleas. The two pleas were really only one. What is set up separately in the

second plea, the cross-bill of the plaintiffs in the equity proceeding, was really only a branch or part of the original cause instituted by the defendants. It was all one and the same proceeding: Brightly's Equity, s. 5, 71; Story's Equity Pleading 5, 399.

Let us consider, then, the objection made below and in this court to the pleas. It is that the Supreme Court has no original jurisdiction to try and determine the issues in this action upon a bill in equity or upon a cross-bill. It is to be observed in passing, that the plaintiffs below, the defendants in the equity proceeding, did not demur for want of jurisdiction, but made answer, and filed their cross-bill, to which the defendants answered, issue was joined, and the case went to a master to take the testimony and report the same. It may be doubted whether it is competent for the defendants filing the cross-bill to question the jurisdiction of the court to grant the relief for which they have themselves prayed. But, without relying upon this, it is to be remarked that substantially the bill of the Pittsburg and Connellsville Railroad Co. was to be relieved from an alleged forfeiture set up by the Mt. Pleasant and Broad Ford Railroad Co., upon the footing of which they had taken forcible possession of the road. It is true that one immediate object of the bill was to obtain a preliminary injunction, to prevent this forcible possession, but the injunction so obtained was interlocutory only, which would stand until final decree, by which it would either be dissolved or made perpetual. It is true also that the plaintiffs in that bill denied that any forfeiture had occurred, or been legally declared, but still, as the pretence set up on the other side was to the contrary, nothing seems to be clearer than that the Supreme Court had jurisdiction in this case on general principles, without resorting to the Act of April 10th 1869 (Pamph. L. 25). To relieve against forfeiture is one of the oldest and best established functions of a court of equity: Story on Equity Jurisprudence 5, 1315. But, as it is earnestly contended now, that if the bill of the plaintiffs in the equity cause were dismissed, after final hearing, that court would not, upon the cross-bill, proceed to enforce the forfeiture and put the lessor in possession, but leave him to his common-law remedy, does it follow that he is not bound to wait until the final decree is entered? Is it possible that there must be such a conflict of jurisdiction as must result, if the determination of the court of equity shall finally be, that the lessees are entitled to be relieved from the alleged forfeiture and maintained in the peaceable possession? After such a decree, shall a sheriff come with a *habere facias possessionem* and put them out? Could not such a decree be pleaded or set up in bar of the common-law action? If it could, surely the pendency of the proceeding may be pleaded in suspension or abatement. It is by no means clear that the decree awarding a preliminary injunction might not have been pleaded or set up in bar. Such an

injunction has all the force of a final one temporarily, until it is either dissolved or made perpetual. It is to be enforced while it lasts by all the power of the court in an attachment for contempt. It is to be remembered that the question is not whether the forfeiture here set up is such an one as a court of equity would relieve against. The defendant in the equity case might have brought that question to a speedy determination by demurring to the bill, and if it had been in their favor, would have been free to proceed with their common-law remedy. The question is one of jurisdiction in the court of equity, and if that jurisdiction existed and had been invoked, it necessarily precluded the party during its pendency from instituting a proceeding in another form involving the same question.                                    Judgment reversed.