## Commonwealth v. Bradshaw.

*Practice, C. P.—Quo warranto—Plea in abatement—Former action under Uniform Declaratory Judgments Act of June 18, 1923—Pending cases not the same.*

Where, in *quo warranto* proceedings, the respondent files a plea in abatement in which he sets up a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, instituted prior to the filing of the suggestion for the *quo warranto*, and avers that the two actions are identical, the court will disallow the plea and order an answer, if, upon inspection of the two records, it finds that the parties were not the same, the rights involved were not identical, and the reliefs prayed for wholly different.

*Quo warranto.* Plea in abatement. C. P. Montgomery Co., April T., 1924, No. 155.

*William F. Dannehower, Jr.,* and *William F. Dannehower, Sr.,* for plaintiff.
*Ardemus Stewart,* for defendant.

MILLER, P. J., Oct. 27, 1924.—Under the foregoing caption and to the above term and number, there was filed on May 29, 1924, a suggestion for a writ of *quo warranto*, commanding the defendant to show by what warrant he claimed to have, use and exercise the office of township commissioner in Abington Township, this county, to which the relator claimed to be entitled, and the writ was allowed and made returnable on July 1, 1924.

The defendant pleaded on the return-day in abatement of the writ, and in support of his plea averred, in substance, that before the suggestion was filed

Commonwealth v. Bradshaw.

he had made application to the court for a decree under the "Uniform Declaratory Judgments Act" that he is the lawful incumbent of the office, and that, upon the suggestion being filed, the court had ordered that his petition be held under advisement pending the outcome of the issuance of the quo warranto.

Notwithstanding this averment, he contends that the purpose of both proceedings is identical—the determination of the title of the respondent to the office in question; that his petition is still pending and undetermined; and that the relator ought not to have and maintain his writ until the petition of defendant has been determined.

We refrain from comment upon his attitude, and shall take the trouble, at this point, to note that when, on March 24th last, his petition for a decree was presented, the court, of its own motion, made the following order:

"And now, March 24, 1924, the within petition under the 'Uniform Declaratory Judgments Act' of June 18, 1923, P. L. 840, having been filed in open court and an examination thereof having raised serious doubt as to whether it should be entered by this court, the prothonotary is directed to notify counsel that the court will hear argument on Monday, April 7, 1924, at 10 A. M., on the following questions:

"1. Is the subject-matter in controversy a right, status or legal relation within the meaning of the act?

"2. Can the Common Pleas entertain jurisdiction in the premises, so long as the order or judgment of the Quarter Sessions appointing Mr. Bierlin to the office stands unrevoked, not vacated and not appealed from? Or, in other words, can the Common Pleas review the judgment of the Quarter Sessions?

"3. This being apparently a contest between parties, both of whom claim the right to hold a public office, with the status of each clearly fixed under the facts set forth in the petition, did the legislature intend to substitute a declaratory judgment under this act for the consequential and effective relief to be had by the writ of quo warranto?

"Counsel to be notified are Mr. Stewart, attorney for the petitioner; Mr. Dannehower, who, we are informed, now represents Mr. Bierlin, and Mr. High, at whose instance he was appointed by the Quarter Sessions."

These questions were afterwards argued by Mr. Stewart and Mr. Dannehower, but, before they could be disposed of, because of jury trials, Mr. Dannehower presented the suggestion of his client for a writ of quo warranto, and on the same day, again of our own motion, we made the following order in Mr. Bradshaw's proceeding:

"And now, June 9, 1924, after hearing arguments and pending disposition of the questions propounded in our order of March 24, 1924, John Bierlin, one of the defendants within named, having presented to this court his petition for a writ of quo warranto against John M. Bradshaw, the within named petitioner, which writ is, this day, allowed, the within petition for a declaratory judgment and petitioner's motion to amend of April 7, 1924, are ordered to be held under advisement pending the outcome of the issuance of the writ of quo warranto.

"The consequential relief to be had by the successful party under that writ is, in our opinion, a remedy that is to be preferred to a judgment that is merely declaratory of the rights and status of the parties, even were the entry of such a judgment lawful under the facts set forth in the petition, as amended."

That we had the power to make this order has not since been questioned, and that the exercise of a wise judicial discretion required it is, in our opinion, not open to controversy. The quo warranto proceeding is clearly the

more effective way to determine the matter in dispute between the parties. That, under the "Uniform Declaratory Judgments Act," is equitable in character, and it is within the discretion of a court of equity to postpone the hearing of an equity case until the determination of a pending suit at law involving the same controversy. Or, where the suits are in the same court, the trial of the action at law may be postponed until determination of the suit in equity: 1 Corpus Juris, 53. It is not a matter of so much consequence that Mr. Bradshaw's proceeding should be decided first as that the rights of the parties should be properly settled.

A stay does not involve the merits of the action, but is merely a question of convenience and order in practice. It interrupts only the program of the proceeding: Johnston v. Reiley, 24 Wis. 494. Also, see Nicola v. Krueger, 49 Pitts. L. J. 183.

Moreover, our order of June 9th last stands to this day unexcepted to and, so far as known, no objection to its entry has ever been made. It was, of course, intended to operate only as a temporary stay or suspension of the proceedings until those on the *quo warranto* could be brought to a termination. And assuming, as we did then and do now, that both parties are acting in good faith and are moved by the sole desire of having their rights adjudicated promptly, we are at a loss to understand how either could reasonably have complained of the order or should take any steps to delay such adjudication.

However, notwithstanding the foregoing facts, defendant, as stated already, has filed his pending plea in abatement in the *quo warranto* proceedings. The relator has answered by that which is termed a "replication," in substance, "that the alleged pending action is not the same case; the parties are not the same; the rights asserted are not the same; the relief prayed for is not the same; nor are the purpose and subject-matter the same;" and the matter has been submitted to the court for disposition on written briefs alone.

If a replication is filed to a plea in abatement, the case should go to trial on the issue of fact raised: Daley v. Iselin, 212 Pa. 279; and the only question before the jury is the one raised by the plea in abatement: Patton's Pa. C. P. Prac., 114.

But, though designated a "replication," relator's rejoinder really is, as we view it, a demurrer, and we shall so regard it. It does not raise a single issue of fact to be submitted to a jury and disputes only the defendant's conclusions from those admitted. Moreover, if a replication was intended to have been filed, it seems to be the law that, under relator's theory of the situation, the proper one would have been *nul tiel* record (Pittsburgh & Connellsville R. R. Co. v. Mt. Pleasant, etc., R. R. Co., 76 Pa. 481; Becker v. Street Ry. Co., 25 Pa. Superior Ct. 367, 371), when the truth of the plea would be determined by an inspection of the records of the two actions: Rush v. Porter et al., 23 Montg. Co. Law Repr. 148.

Whether, however, relator's response is technically a replication or a demurrer, its only effect is to raise the question of the sufficiency of the plea in abatement, and, therefore, we view this as a case wherein the court, after inspection of the records of the two actions, should give judgment on the pleadings as they stand.

Such inspection has been made and, as a result, it is stated, most briefly, that, as we view them under the principle of law applicable to such pleas, the causes of action are not the same; the parties are not only not the same, but the substantial ones are reversed; the rights asserted are not identical; the relief prayed for respectively is wholly different; and, furthermore, the proceedings under the "Uniform Declaratory Judgments Act" has been tempo-

rarily suspended. It follows the defendant's plea cannot be, and, in view of the condition of the record, should not be, sustained.

And now, Oct. 27, 1924, defendant's plea in abatement is disallowed and he is ordered to answer over within ten days of this date.

From Aaron S. Swartz, Jr., Norristown, Pa.