## Krasulak v. Waterbor & Douglas, Inc.

*Robert K. Young*, for plaintiff.

*Edward H. McGee*, for defendant.

KOCH, J., November 9, 1960.—Plaintiff filed a complaint in assumpsit seeking a recovery of damages for breach of an implied warranty. It is averred that defendant leased a truck to plaintiff and on the same day the steering mechanism failed to operate which resulted in an accident.

Defendant has filed preliminary objections in the nature of a petition raising the defense of pendency of a prior action: Pa. R. C. P. 1017(b) (5). Specifically, it is maintained that, since plaintiff instituted an action in trespass against defendant as of no. 221, September term, 1958, claiming damages arising from the same facts, the complaint now under consideration must be dismissed.

The precise problem was considered by this court in the unreported case of Lazarus v. Paff, Proprietor of Paff Motor Company, no. 104, June term, 1955. There plaintiff sued in trespass for damages to his tractor-trailer by reason of the slipping of a body which he averred was negligently attached to his trailer chassis. Defendant objected preliminarily that plaintiff had already brought a previous action in assumpsit for breach of warranty that the body was safe, adapted to his work and properly attached and asking damages for the same incident.

In the Lazarus case our learned colleague, President Judge Henninger, dismissed the preliminary objections. He said, page 2:

"Nor is it a valid objection that another suit is pending for the general rule is stated to be that a party may have as many cumulative remedies as the law gives, but with the qualification that they be consistent. Sheble v. Strong, 128 Pa. 315, 319; Harper v. Quinlan, 159 Pa. Super. 367, 370.

"Provided the facts in each case so warrant, there need be no inconsistency between an action upon an express or implied warranty and either deliberate or actionable negligence. We have recently so decided where deceit was pleaded. Coles v. Henricks, 117 April Term 1955."

The fact that Pa. R. C. P. 1020(a) prevents a plaintiff from joining a contract and a tort claim

in one action (Dussell v. Kaufman Construction Co. (No. 2), 15 D. & C. 2d 731) does not lend itself to the interpretation that plaintiff must make an election. The principle was discussed by President Judge Alessandroni in Evans v. American Stores Company, 3 D. & C. 2d 160, at page 163:

"Under present rules assumpsit and trespass cannot be joined in the same complaint, but the rules do allow the pleading of alternative causes of action and defenses. Hence in the same complaint or answer one can plead on a contract and in the next paragraph deny the existence of the contract. It is unreasonable to require that plaintiff in a proper case where both assumpsit and trespass will lie must select one and forego the other. It is clear that: (1) The same facts cannot be pleaded to support a recovery in either form of action; (2) the measure of damages is not the same. Defendant's plea that it is being harassed by a multiplicity of suits is without merit.

"Lis pendens of the assumpsit action does not apply to bar the trespass action because the unity of remedy is not present. See Dickerson v. Dickersons Overseas Company, 369 Pa. 244. The remedy in assumpsit is not identical with that in trespass. We see no reason to deny plaintiff the right to pursue both remedies at this time."

The reasoning of the Evans case was also adopted in Benaquista v. Hardesty & Associates, 20 D. & C. 2d 227.

We have examined Krider v. Lafferty, 1 Wharton 303; Pittsburgh and Connelsville Railroad Co. v. Mt. Pleasant and Broad Ford Railroad Co., 76 Pa. 481; Feather v. Hustead, 254 Pa. 357; Pennsylvania Company for Insurance etc. Admr. v. Philadelphia National Bank, 14 Pa. C. C. 193, and Bank v. Teese, 6 Pa. C. C. 178. None of these decisions sustain the posi-

tion of defendant, and we can detect in them nothing inconsistent with our conclusion that the preliminary objections must be dismissed.

Our view is consistent with Goodrich-Amram §1017(b)-15:

"The existence of a cause of action on which both assumpsit and trespass may lie permits the plaintiff to bring two separate actions. He need not elect between them since the facts will be different. In addition, the causes of action cannot be pleaded in the alternative in the same complaint. The bringing of the action in assumpsit is therefore not a *lis pendens* if a subsequent suit is brought in trespass."

*Order*

Now, November 9, 1960, defendant's preliminary objections are dismissed and defendant ordered to answer over on the merits, if it will, within 20 days after service of this order on its counsel.