## Maloney et al. *versus* Bruce et al.

1. If parties seek to have all the advantages of a partnership, and yet limit their liability to creditors, they must comply strictly with the Act of June 2d 1874.

2. The object of the Act of May 1st 1876, requiring a schedule of property contributed to such limited partnership, was to enable creditors to ascertain precisely of what the property consisted and to judge of its value.

3. Where property has not been contributed, scheduled and valued, as the Act of 1876 directs, there is no payment of the capital. A general description of the extent of the property, or a lumping valuation is not such a schedule as the act requires.

April 1st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Lackawanna county*: Of January Term 1880, No. 27.

Assumpsit by John M. Bruce et al., trading as Bruce & Cook, against Martin Maloney et al., individual members of the Maloney Manufacturing and Gas Light Company, Limited.

The facts were as follows :

Martin Maloney, A M. Renshaw, C. W. McKinney, H. B. Phelps and W. F. Hallstead, by an agreement dated October 1st 1877, formed a limited partnership association as allowed by the

. [Maloney *v.* Bruce.]

Act of Assembly approved June 2d 1874, Pamph. L. 271, entitled " An act authorizing the formation of partnership associations, in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," and its supplements. The name adopted was " The Maloney Manufacturing and Gas Light Company, Limited." Business was begun by the association on or about October 2d 1877, in the city of Scranton. A statement in writing was made, signed by the parties interested, and acknowledged by them before a proper officer. It was recorded before business began under the management of the association. The contributions to the capital were made in personal property, and set out in the statement recorded as follows : The amount of capital of said association subscribed for by each of said persons is as follows, to wit : " Martin Maloney, $6500 ; A. Miner Renshaw, $4000 ; Carlos W. McKinney, $2500 ; H. B. Phelps, $1000 ; W. F. Hallstead, $1000." Making the total amount of the capital $15,000, which said amount of capital has been fully paid in at the time of signing and executing these articles of association, and has been paid in by the assets and property of Martin Maloney at a valuation which has been approved by all the members subscribing to the stock of said association, a description of which property, and the said valuation and the names of the parties so contributing, are as follows :

" Contract with the Pennsylvania Globe Gas Light Company, at a valuation $2500 ; merchandise, consisting of .iron, steel, tin and copper ware, gas pipes and gas fixtures, plumbing materials, .stoves, furnaces, pumps, house furnishing goods, mantels, grates, terra cotta pipes, lamps and lamp posts, safe, stove, furniture and fixtures, all the goods, tools and chattels now on the premises, 209 Lackawanna avenue, Scranton city, now leased by said Martin Maloney, valuation, $12,500. Making a total valuation of $15,000, which is contributed by the parties to this association in amount as subscribed for by each as above set forth."

The association continued business for about one year, when, being unable to meet their indebtedness, they made an assignment for the benefit of creditors. The plaintiffs below brought an action and obtained judgment against the association. They issued an execution, which was returned no goods.

They then, by affidavit filed, alleging that the statement recorded did not comply with the statutes authorizing the formation of limited partnerships, obtained a rule to show cause why execution should not issue against the persons composing the association individually. The rule was made absolute, the court, Handley, P. J., delivering an opinion, and execution ordered as prayed for, on the ground that there was not such a description of the property contributed as the law required.

The defendants then took this writ, and alleged that :

[Maloney v. Bruce.]

1. The court below erred in saying, "no such schedule as the Act of 1876 contemplates was filed by the members of this association, * * * and hence these parties have not complied with the law." 2. The court erred in allowing execution against the members of the association individually. 3. The court erred in allowing such execution without restricting it to the amount of capital stock of each member then unpaid.

*S. B. Price* and *E. N. Willard*, for plaintiffs in error.—The stock was described fully, and the place and location of the store-room where it was to be found given, and the value of the goods and amount contributed by each member. The person with whom the contract was made was given and its value. If the contract had been set forth in full and every article of the stock of goods described, the statement would not have furnished any better means of determining the financial standing of the company. It is sufficient in such cases to substantially comply with the words of the statute. Certainty to a common intent is all that is needed: Andrews *v.* Schott, 10 Barr 47; McClintock *v.* Rush, 13 P. F. Smith 203.

The act allows the court to order execution against the individuals for the amount of their subscriptions which are unpaid respectively by them. This authority is given because the capital is unpaid, and for no other reason. It ought not to be exercised if there are disputed facts, but the issue should be submitted to a jury, because the authority, when properly used, is extraordinary, and it may be doubted whether in any case contemplated by the act it is constitutional: North Penna. Coal Co. *v.* Snowden, 6 Wright 488; Tillmes *v.* Marsh, 17 P. F. Smith 507; Haines's Appeal, 23 Id. 169.

*R. W. Archbald*, for defendants in error.—The requisites of a schedule are adhered to in the act when it prescribes the formalities of a description and valuation. In a well-considered case (Bement *v.* Impact Brick Co., 5 W. N. C. 58) this clause is defined to mean a statement of "the exact nature of the property contributed and a correct valuation thereof."

Limited partnership laws have always received a strict construction in favor of creditors: Andrews *v.* Schott, *supra;* Vandyke *v.* Rosskam, 17 P. F. Smith 330; Guillou *v.* Peterson, 8 Norris 163.

The constitutional question is answered in In re Penna. Hall, 5 Barr 208; Dunmore's Appeal, 2 P. F. Smith 374; Van Swartow *v.* Commonwealth, 12 Harris 131; Rhines *v.* Clark, 1 P. F. Smith 101; Paschall Street, 31 Id. 118; Wyncoop *v.* Cooch, 8 Norris 450; Simpson *v.* Neill, 7 W. N. C. 85.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

[Maloney *v.* Bruce.]

The Act of 2d June 1874, Pamph. L. 271, in regard to limited partnerships provides for a cash capital. The supplement to said act passed 1st May 1876, Pamph. L. 89, allows the members " to make contribution to the capital thereof in real or personal estate, mines or other property, at a valuation to be approved by all the members subscribing to the capital of such association. Provided, that in the statement required to be recorded by the first section of said act, subscriptions to the capital, whether in cash or property, shall be certified in this respect according to the fact ; and when property has been contributed as part of the capital, a schedule containing the names of the parties so contributing, with a description and valuation of the property so contributed, shall be inserted."

" The Maloney Manufacturing and Gaslight Company limited" was organized under the said Act of 1874. No capital was contributed in cash. The article of association fixes the amount of the capital at $15,000, and gives the names of the members, with the number of shares held by each, and recites that the whole amount of the capital has been paid in by the assets and property of Martin Maloney, one of the members, at a valuation approved by all the members. Then follows what purports to be a list of the property contributed in lieu of cash, the first item being a " contract with the Pennsylvania Gaslight Company at a valuation of $2500," after which comes merchandise under a general description, together with " furniture, fixtures and all the goods, tools and chattels now on the premises 209 Lackawanna avenue, Scranton city, now leased by said Martin Maloney, valuation $12,500."

This is not the kind of schedule contemplated by the Act of 1876. The description is too general to enable any one to form a correct estimate of the extent of the property, and a lumping valuation renders it equally difficult to judge of values. The property contributed was intended as the equivalent of a cash capital, and the plain object of the provision in the Act of 1876 requiring a schedule was to enable creditors to ascertain precisely of what the property consisted and to judge of its value. If parties seek to have all the advantages of a partnership and yet limit their liability as to creditors, they must comply strictly with the act. Where property has not been contributed, scheduled and valued as the Act of 1876 directs, there is no payment of the capital. It follows that the order of the court below allowing executions to go out against the individual members for the amount of unpaid stock subscribed by them was free from error, and the judgment must be

Affirmed.

SHARSWOOD, C. J., and TRUNKEY, J., dissented.