# Gearing v. Carroll et al., Appellants.

[Marked to be reported.]

*Limited partnership—Schedule of property contributed—Lumping valuations—Oral evidence.*

Articles of association with accompanying schedule, required by the limited partnership act of June 2, 1874, are designed to furnish information to all who may be interested in or have dealings with such associations, and should therefore be self-sustaining. They cannot be supplemented or amended by oral testimony.

Where the description of property contributed as cash is too general to enable any one to form a correct estimate of the extent of the property or where a lumping valuation renders it difficult to judge of values, as a lumping valuation of material for a railroad at certain depositaries, estimated profits on certain contracts, subject to further expense for work, etc., and good will of one of the members in certain works, in such case the members are liable as general partners.

*Requirement of act of 1874 as to full names.*

The requirement of the act of 1874 as to full names of members is met by giving the names in the form habitually used by them in business and by which they are known in the community; in this case by the initials alone.

Argued Nov. 10, 1891. Appeal, No. 301, Oct. T., 1891, by defendants, D. W. C. Carroll et al., from judgment of C. P. No. 1, Allegheny Co., June T., 1888, No. 719, on verdict for plaintiff, H. C. Gearing. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

Assumpsit against defendants, trading as limited partners, to charge them as general partners.

The material facts appear in the opinion of the Supreme Court. The items under (b) in the opinion were headed "material for Junction Railroad" in the schedule. The schedule also contained "lot of ropes and blocks, $200; small machinery tools, $100; lot of small tools, $100; one Long & Allstatter heavy punch and lot of special tools for same, $2,300," etc.

Defendants proposed to prove that the schedule in this case, so far as it relates to machinery, is of such a nature as to enable a practical man, and one who is acquainted with the business, to ascertain the extent of the property and to judge of its value. Also that the items set out as lumping, really are parts of the

equipment of machines definitely named, and when those machines themselves are included that any one who had practical experience is enabled to tell what the tools necessary to the operation of the machine are, and therefore, in that respect, that they are not lumping. Objected to as incompetent and irrelevant, objection sustained and bill sealed. [1]

Defendants proposed to prove as to the contracts set out in the articles of association that the same were for lump sums, and that there was no other or fuller description of the same possible under the circumstances. Objected to as incompetent and irrelevant, objection sustained and bill sealed. [3]

In reference to the items in the articles of association, "material for Junction Railroad Co.," defendants proposed to prove that that was material delivered on the ground for, and connected with, the contracts just mentioned, and that there was no further or fuller description of it possible, but it was taken in connection with those contracts. and a part thereof. Objected to as incompetent and irrelevant; objection sustained and bill sealed. [4]

Defendants proposed to prove generally that the description of the property contained in the schedule of the articles of association is the best and most definite that the nature of the property therein contained is capable of. Objected to as incompetent—that the schedule must speak for itself. Objection sustained and bill sealed. [5]

The court charged as follows, by SLAGLE, J.:

" Under the testimony in the case, I instruct you that the schedule attached to the articles of association were insufficient to create a limited partnership under the act of assembly, and the parties thereby became general partners. There being no dispute that the goods were furnished to them, they are liable, as general partners, to Mr. Gearing, the plaintiff, and your verdict should therefore be for the amount of the plaintiff's claim, $3,642.61, with interest from the dates specified by the plaintiff and as shown by this calculation." [6]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting bills of exception; and (6) instructions, quoting them.

*S. Schoyer, Jr.*, and *Wm. S. Pier*, with them *S. B. Schoyer*, for appellants.—The "material for railroad" and contracts were described as specifically as the case admitted of. There was enough to guide creditors. The numbers to patents was held sufficient in Rehfuss v. Moore, 134 Pa. 467. "Good will" is property within the act of May 1, 1876, sec. 1. See Anderson's L. Dict.; Musselman's Ap., 62 Pa. 83. The good will here was the name "D. W. C. Carroll."

In Maloney v. Bruce, 94 Pa. 249, and in Vanhorn v. Corcoran, 127 Pa. 255, there was no separate description and valuation; in Sheble v. Strong, 128 Pa. 315, no schedules at all appear.

A name is the designation by which a person is known: Anderson's L. Dict.; Webster. One may contract, sue and be sued by his reputed or adopted name: Linton v. Bank, 10 Fed. R. 894; Bell v. Sun Pub. Co., 42 N. Y. Super. Ct. 567. We find no cases on the limited partnership acts, but, under criminal and election laws, initials are held sufficient: Minor v. State, 63 Ga. 318; Fields v. State, 52 Ala. 348; Com. v. Hamilton, 15 Gray, 480; Easterling v. State, 35 Miss. 210; State v. Taggart, 38 Me. 298; Anderson v. State, 26 Ind. 89; State v. Groome, 10 Iowa, 308; People v. Ferguson, 8 Cow. 102.

*John S. Ferguson*, with him *E. G. Ferguson* and *James H. Porte*, for appellee.—Initials are not names but the first letters of words composing the name: Century Dict., titles "initial," and "name." The cases are conflicting on the general subject as to whether initials are a sufficient designation of a person: People v. Cicott, 16 Mich. 283; People v. Ferguson, 8 Cow. 102. A middle initial is no part of the name: Bratton v. Seymour, 4 Watts, 329; contra, Com. v. Shearman, 11 Cush. 546. But the omission of a middle initial is fatal to a judgment index: Hutchinson's Ap., 92 Pa. 186. But the question here is what is a full name. It consists of the christian name and the surname: Schofield v. Jennings, 68 Ind. 233; Vawter v. Gilleland, 55 Ind. 278; Frank v. Levie, 5 Robt. N. Y. 599; 4 Bacon's Abr. 752; Coke's Lit. 3 a. The initial might be for any name beginning with that letter.

If parties seek to have all the advantages of a partnership and yet limit their liability as to creditors, they must comply

strictly with the act: Maloney v. Bruce, 94 Pa. 252; Eliot v. Himrod, 108 Pa. 569; Hite N. Gas Co.'s Ap., 118 Pa. 436; Hill v. Stetler, 127 Pa. 145.

Good will is property only under some circumstances: Musselman's Ap., 62 Pa. 81. It was not proposed to carry on the business here under the name of Carroll, and his name had no value therefore. The "material for the railroad" had an unexplained deduction of $6,000. The contracts were described by the name of the party alone, subject to further expense, etc. The lumping valuations were bad, under Maloney v. Bruce, 94 Pa. 249; Vanhorn v. Corcoran, 127 Pa. 255; Sheble v. Strong, 128 Pa. 315.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

Suit was brought against defendants as general partners doing business in the name of "D. W. C. Carroll & Co., Limited." In his statement and affidavit of claim, plaintiff alleges that defendants are justly and legally indebted to him in the sum of $3,642.20, for lumber and material sold and delivered by him to them.

The defence was, "That nothing is due to plaintiff from deponents or any of them as individuals, and that they are not general partners, nor liable as such; that the sum claimed by plaintiff is a debt contracted by D. W. C. Carroll & Co., Limited, which is a limited association organized under an act of assembly," etc.

Plaintiff by counter affidavit denied that defendants had complied with the requirements of the act authorizing the formation of limited partnership associations, and alleged that their articles of association, etc., were fatally defective in that they did "not set forth the full names of the partners;" that "the amount of capital stock subscribed is in many instances subscribed in bulk," etc.

On the trial, defendants' liability as general partners for amount claimed was practically conceded, unless their alleged organization under the limited partnership act relieves them from such liability. For the purpose of showing that they were not entitled to the benefits of said act, the articles of association, etc., referred to in the affidavit of defence, was given in evidence, and the following among other alleged defects

were insisted on as fatal to their claim of exemption from liability as general partners:

(a) The statement gives the name "D. W. C. Carroll," whose full name is "DeWitt Clinton Carroll."

(b) The schedules attached to and forming part of statement contain lumping valuations of certain items of property contributed, among which are:

"Amount of material at 33d St., Pittsburgh      $2,772.95
    "    finished at 3d Ave. & Liberty, Pittsburgh    304.00
    "    raw at 3d Avenue, Pittsburgh   .   .    20,797.13
                                              ─────────
                                              23,874.08
               Less   .    .    .    .    .    6,000.00
                                              ─────────
                                             $17,874.08"

(c) Lumping valuations of certain contracts, as follows, to wit:

1st. Estimated profits on unfinished Junction
    R. R. contract, subject to further expense
    necessary for work, materials, etc., to com-
    plete at valuation for profit,   .    .    .    $3,060.28
2d. Keystone Ridge Works, contract, subject
    to further expense, etc., as above,    .    .    1,415.00
3d. Riverside Iron Works, contract, subject
    to further expense, etc., as above,    .    .     776.11
4th. Pittsburgh Galvanized Works, contract,
    subject, etc., as above, .    .    .    .    .     767.00
5th. Norton Iron Works, contract, subject,
    etc., as above, .    .    .    .    .    .       1,633.30
6th. T. H. & W. J. Carlin, trustees, contract,
    subject, etc., as above   .    .    .    .    .   1,015.00
                                                     ─────────
          Aggregating    .    .    .    $8,666.69
                                                     ─────────

(d) Good will of D. W. C. Carroll, Fort Pitt
    Boiler Works   .    .    .    .    .    $30,000.00

Others were specified, but those given above will suffice.

The offers of evidence, recited in the 1st, 3d, 4th and 5th specifications, were for the purpose of explaining and meeting

objections to items above enumerated.   They were objected to as incompetent and irrelevant, and objections were sustained.

We think there was no error in thus ruling.   Articles of association with accompanying schedules, required by the limited partnership act, should fully conform to all its provisions. They are designed to furnish information to all who may be interested in or have dealings with such associations, and should therefore be self-explanatory and self-sustaining.   If they are not sufficiently so to meet the requirements of the law they cannot be supplemented or amended by oral testimony.   There is no hardship in this.   Those who expect to enjoy the benefits of limited liability must accept the terms and conditions on which they are offered.

The second specification is to the refusal of the court to permit defendants to prove, " that Mr. Carroll has been known in this community by the name of D. W. Carroll for many years, and that this has been generally used to designate Mr. Carroll in the trade and elsewhere, and not his full name, DeWitt Clinton Carroll."

The rejection of this evidence was technical error, but, inasmuch as we think some of the objections taken to the articles of association, etc., are necessarily fatal to the defence we would not be justified in reversing on a point that can be of no avail to appellants.

In Laflin & Rand Powder Co. v. Steytler, 29 W. N. 230, and 1 Adv. Rep. 44, we recently had occasion to inquire what is meant by the expression " full names " of the persons composing the association, as employed in the limited partnership act ; and, in a clear and exhaustive opinion by our Brother MITCH-ELL, in which the history of legislation on the subject is traced, we there held that the requirement, as to " full names," etc., is met by giving the names in the form habitually used by those persons in business, and by which they are generally known in the community.   The reasons there given for so holding are both satisfactory and conclusive.

The instruction recited in the 6th specification went to the very root of the defence, and left nothing for the jury but to render a verdict for full amount of plaintiff's claim.   They were instructed that the schedules attached to the articles of association were " insufficient to create a limited partnership

under the act of assembly, and the parties thereby became general partners," etc.

If they are defective and insufficient, even in one particular, the instruction complained of was not erroneous. We are of opinion that they were fatally defective in more than one respect.

What information would a creditor or any one else acquire, by examination of the schedule, as to either of the three items mentioned in paragraph (b), supra, aggregating $23,874.08; or in regard to the $6,000 deducted therefrom. He would be left altogether in the dark as to the kind and quantity of the property designated by the very general and indefinite word "material," at 33d street, Pittsburgh, valued at $2,772.95; and also, as to the kind, as well as the quantity, of the property described as "raw material at 3d avenue, Pittsburgh," valued at $20,797.13. Surely this is not the kind of schedule contemplated by the act.

The schedule of estimated profits on unfinished contracts, subject to further expense necessary for work, material, etc., referred to in paragraph (c), supra, aggregating $8,666.69, would furnish little if any information as to the so-called property therein mentioned. In Maloney v. Bruce, 94 Pa. 249, the schedule contained an item in these words: "Contract with the Globe Gas Light Company at a valuation of $2,500." This was held to be insufficient. The present Chief Justice, delivering the opinion of the court, said: "This is not the kind of a schedule contemplated by the act of 1876. The description is too general to enable any one to form a correct estimate of the extent of the property, and a lumping valuation renders it equally difficult to judge of values. The property contributed was intended as the equivalent of cash capital, and the plain object of the provision in the act of 1876, requiring a schedule, was to enable creditors to ascertain precisely of what the property consisted and to judge of its value. If parties seek to have all the advantages of a partnership, and yet limit their liability as to creditors, they must comply strictly with the act." Our later decisions are to the same effect: Eliot v. Himrod et al., 108 Pa. 569; Hite Nat. Gas Co.'s Ap., 118 Id. 436; Hill v. Stetler, 127 Id. 145; Vanhorn v. Corcoran, Id. 255; Sheble et al. v. Strong et al., 128 Id. 315.

In the case last cited it is said: " The question is not one of good faith on the part of the defendants, or of notice to creditors, but whether, in their attempt to form a limited partnership, they conformed to the law. If they did not, their attempt was abortive," etc. .

We might refer to other scheduled items that can scarcely be considered the equivalent of cash capital, or sufficiently described to meet the requirements of the act. The inquirer for the true character and value of partnership capital, would doubtless be puzzled to comprehend what is meant by the item: " Good will of D. W. C. Carroll, Fort Pitt Boiler Works, $30,000.00." But enough has been said to show that the learned judge committed no error in directing a verdict for the plaintiff. He could not have done otherwise without disregarding the provisions of the limited partnership law as construed by this court.

Judgment affirmed.