The Robbins Electric Company *v.* George Weber et al., partners as The National Electric Company, Appellants.

*Limited partnership associations under act of June 2, 1874—Sufficiency of schedule.*

Where an existing business is the basis of a limited partnership association under the act of June 2, 1874, P. L. 271, the law does not require in the schedule minute specification of details that may change from day to day. Certainty to a fair business intent is the safe practical criterion.

Where the articles of association under a limited partnership association

under the act of June 2, 1874, set forth the names of the persons contributing property, and the amount contributed by each, and an itemized statement of the property contributed is attached to the articles, there is a sufficient compliance with the statute, although the itemized statement of property is not signed by the parties.

Argued Oct. 30, 1895.    Appeal, No. 126, Oct. T., 1895, by defendants, from judgment of C. P. No. 1, Allegheny County, Dec. T., 1892, No. 720, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Assumpsit to hold members of a limited partnership association liable as partners for the debts of the company.

At the trial the articles of association were offered in evidence, and were as follows:

Be it known that the subscribers hereto, desiring to form a partnership association for the purpose of manufacturing electric light appliances and doing construction work for electric lighting in the borough of Wilkinsburg, in the county of Allegheny, under and by virtue of an act of assembly of the commonwealth of Pennsylvania, entitled, " An act authorizing the formation of partnership associations in which the capital stock subscribed shall alone be responsible for the debts of the association, except under certain circumstances," approved the 2d day of June, A. D. 1874, and the various supplements thereto, do hereby set forth and certify :

1. The full names of the subscribers and the amount of the capital subscribed for by each are as follows :

George Weber, two thousand six hundred dollars ($2,600) ; one thousand two hundred and fifty and fifty-three one hundredths dollars, ($1,250.53) whereof, is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof, and the balance of one thousand three hundred forty-nine and forty-seven one hundredths dollars ($1,349.47) is to be paid on the 13th day of July, A. D. 1890, in cash.

Arnold Constantine Frey, one thousand nine hundred dollars ($1,900) ; nine hundred thirteen and eighty-five one hundredths dollars, ($913.85) whereof, is subscribed in personal property, as fully described in the schedule annexed hereto,

being article 7 hereof, and the balance of nine hundred eighty-six and fifteen one hundredths dollars ($986.15) is to be paid on the 13th day of July, A. D. 1890, in cash.

James M. Forse, one thousand five hundred dollars ($1,500), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

William C. Staving, five hundred dollars ($500), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

Mrs. Kate Gerst, five hundred dollars ($500), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

Mrs. George C. Vincent, two hundred fifty dollars ($250), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

George Edward Dietz, two hundred fifty dollars ($250), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

Solomon Cox, two hundred dollars ($200), amount whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof.

Dr. Stewart Robertson, five hundred dollars ($500), one hundred, thirty-seven and twenty-two one hundredths dollars ($137.22), whereof is subscribed in personal property, as fully described in the schedule annexed hereto, being article 7 hereof, and the balance of three hundred, sixty-two and seventy-eight one hundredths dollars ($362.78) being paid in cash.

Wylie Jacobs, fifty dollars ($50), amount whereof is paid in cash.

George Grafton, twenty-five dollars ($25), amount whereof is paid in cash.

Oscar Oehmler, twenty-five dollars ($25), amount whereof is paid in cash.

Mrs. Mary Fauble, two hundred dollars ($200), amount whereof is paid in cash.

2. The total amount of capital subscribed is $8,500.00, divided into 340 shares of stock, of the par value of twenty-five dollars ($25) each, which has all been paid into said association in personal property and cash — except one thousand, three hundred, forty-nine and forty-seven one hundredths dollars

($1,349.47), subscribed by George Weber, and nine hundred, eighty-six and fifteen one hundredths dollars ($986.15), subscribed by Arnold C. Frey—as described in the foregoing articles and the schedule hereto annexed, being article 7 hereof, and when said amounts, $1,349.53 and $986.15, shall be paid into said association, the respective rights, interests and shares of the aforesaid members in and to the said association and the capital and profits to be derived therefrom shall be as follows :

George Weber, one hundred and four (104) shares ; Arnold C. Frey, seventy-six (76) shares ; James M. Forse, sixty (60) shares ; William C. Staving, twenty (20) shares ; Mrs. Kate Gerst, twenty (20) shares ; Mrs. George C. Vincent, ten (10) shares ; George Edward Deitz, ten (10) shares ; Solomon Cox, eight (8) shares ; Stewart Robertson, M. D., twenty (20) shares ; Wylie Jacobs, two (2) shares ; George Grafton, one (1) share ; Oscar Oehmler, one (1) share ; Mrs. Mary Fauble, eight (8) shares.

3. The character of the business to be conducted by the said association is the manufacturing of electric light appliances and the construction work for electric lighting in the borough of Wilkinsburg and generally the transaction of all matters appertaining to said business, and the principal office or place of business is in the city of Pittsburgh, in the county of Allegheny and state of Pennsylvania.

4. The name of the association is The National Electric Company, Limited.

5. The said association shall commence the 13th day of May, A. D. 1890, and shall continue for five (5) years thereafter.

6. The officers of the said association, selected in conformity with the provisions of the aforesaid act of the general assembly, are as follows, viz : George Weber, Arnold C. Frey, James M. Forse, managers ; of whom George Weber is chairman and Arnold C. Frey is treasurer and secretary.

7. The following is a schedule of the personal property contributed by the said George Weber, Arnold C. Frey, James M. Forse, William C. Staving, Mrs. Kate Gerst, Mrs. George Vincent, George Edward Deitz, Solomon Cox and Dr. Stewart Robertson, as part of the capital of the said association.

Whereof George Weber contributed $1,250.53 of the value thereof;

Arnold C. Frey contributed $913.85 of the value thereof;

James M. Forse contributed $1,500.00 of the value thereof;

William C. Staving contributed $500.00 of the value thereof;

Mrs. Kate Gerst contributed $500.00 of the value thereof;

Mrs. George C. Vincent contributed $250.00 of the value thereof;

George Edward Deitz contributed $250.00 of the value thereof;

Solomon Cox contributed $200.00 of the value thereof;

Stewart Robertson contributed $137.22, of the value thereof; and the aforesaid value and appraisement of the personal property so contributed as the capital stock of the said association is hereby approved by all the members of the association aforesaid, in accordance with the statute in such cases made and provided.

Witness our hands and seals this 13th day of May, in the year of our Lord one thousand eight hundred and ninety.

| | |
|---|---|
| GEORGE WEBER, | [SEAL] |
| ARNOLD CONSTANTINE FREY, | [SEAL] |
| JAMES M. FORSE, | [SEAL] |
| WM. C. STAVING, | [SEAL] |
| KATE GERST, | [SEAL] |
| MRS. GEO. C. VINCENT, | [SEAL] |
| GEORGE EDWARD DEITZ, | [SEAL] |
| SOLOMON COX, | [SEAL] |
| STEWART ROBERTSON, M. D., | [SEAL] |
| GEORGE B. GRAFTON, | [SEAL] |
| WYLIE W. JACOBS, | [SEAL] |
| OSCAR OEHMLER, JR., | [SEAL] |
| MRS. MARY FAUBEL, | [SEAL] |

Attest:

JAMES McLAREN.

(Usual affidavit follows.)

## STATEMENT.

| | | | | |
|---|---|---:|---|---:|
| 109 8″ Flat Porcelain Shades, | . . at | $ 13 | | $ 14 17 |
| 248 10″ " " " | . . . " | 17 | | 42 16 |
| 214 8″ Crimped " " | . . . " | 18 | | 38 52 |
| 12 7″ Crimped " " | . . . " | 20 | | 2 40 |
| 24 50-cent Shades, . . . | . . " | 25 | | 6 00 |
| 18 50-cent Shades, . . . | . . " | 21 | | 3 78 |
| Sample lot of Shades, . | . . . " | | | 8 15 |
| 80 Wood Pushes, . . . | . . " | 8 | | 7 20 |
| 39 Wood Pushes, . . . | . . " | 11 | | 4 29 |
| 3 Round Bronze Pushes, . . | . . " | 50 | | 1 50 |
| 3 Bronze Plate Pushes, . . | . . " | 60 | | 1 80 |
| 19 Nickle-plated Plate Pushes, | . . " | 70 | | 13 30 |
| 2 Round Black Ebony Pushes, | . . " | 55 | | 1 10 |
| 9 Pear Pushes, . . . | . . " | 50 | | 4 50 |
| 28 3¼″ Bells, . . . | . . " | 67 | | 18 76 |
| 21 3″ Bells, . . . | . . " | 62 | | 13 02 |
| 20 Gas Tips, . . . | . . " | 5 | | 1 00 |
| 12 Bell Switches, . . . | . . " | 20 | | 4 20 |
| 6 Rosette Brackets, . . | . . " | 20 | | 1 20 |
| 45 Batteries, . . . | . . " · | 47 | | 21 15 |
| 32 Porous Cups, . . . | . . " | 32 | | 7 04 |
| 2 Bottles Soldering Salts, | . . " | 60 | | 1 20 |
| 3 Westinghouse Cut-outs, | . . " | 32 | | 96 |
| 2 B. 0000 Cut-outs, . . | . . " | | | 1 08 |
| 1 Verticle Main, . . | . . " | | | 60 |
| 29 Floor Pushes, . . | . . " | 50 | | 14 50 |
| 4 Gleason Joints, . . | . . " | 60 | · | 2 40 |
| 23 Joints, . . . | ·. . " | 50 | | 11 50 |
| 12¼ dozen Shade-holders, | . . " | 80 | | 10 80 |
| 10 Large Shade-holders, . | . . " | 7 | | 70 |
| 33 Gas Attachments, | . . . " | 15 | | 4 95 |
| 46 Attachment Plugs, | . . . " | 50 | 20 per cent. | 18 70 |
| 27 Wall Sockets, . . | . . " | 75 | 20 per cent. | 17 33 |
| 50 Chandelier Cut-outs, . | . . " | 20 | . | 10 00 |
| 100 Ceiling Cut-outs, . | . . " | 20 | | 20 00 |
| 43 1⅞x¾ Rubber Disques, | . . " | 5 | | 2 15 |
| 48 Rubber Disques, fitted, | . . " | 10 | | 4 80 |
| 235 Drop Cut-outs, . . | . . " | 30 | | 70 50 |
| 60 Key Sockets, . . | . . " | 75 | 20 per cent. | 36 00 |
| 58 Keyless Sockets, . . | . . " | . 62½ | | 28 90 |
| 1 Magneto, . . . | . . " | | | 6 00 |
| 6 Glass Signs, . . . | . . " | 1 25 | | 7 50 |
| 12 Brass Pendants, . . | . . " | 1 00 | | 12 00 |
| 1 4-Light, straight arm Chandelier, | . " | | | 5 50 |
| 1 3-Light, bent arm Chandelier, | . " | | | 2 50 |
| 1 Fancy, 3-Light Chandelier, . | . . " | | | 12 50 |
| 1 Fancy, 2-Light Chandelier, . | . . " | | | 11 50 |
| 29 Brackets, . . . | . . " | 55 | | 15 95 |

| | | | |
|---|---|---|---|
| 3 Fancy Canopies, | " | 30 | 90 |
| 15 Circuit Tablet Boards, | " | 24 | 3 60 |
| 6 Large Sockets, | " | | 8 40 |
| 3½ lbs. Fuse Wire, | " | | 11 20 |
| 37 lbs. Rubber Tape, | " | 65 | 24 05 |
| 5 Nickle-plated Gongs, | " | 20 | 1 00 |
| 4 Paiste Switches, | " | 75 | 3 00 |
| 40 10-Ampere Switches, | " | 50 | 20 00 |
| 110 Ampere Switches under way, | " | 40 | 44 00 |
| 1 3-Drop Annunciator, | " | | 5 00 |
| 1 6-Drop " | " | | 9 00 |
| 6 Annunciator Cases, | " | 2 25 | 13 50 |
| 124 Switch Handles, | " | 3 | 3 72 |
| 25 pkgs. Salmoniac, | " | 5 | 1 25 |
| 45 yds. Canton Flannel, | " | 11 | 4 95 |
| 20 Zincs, | " | 5 | 1 00 |
| 15 Boxes 1½ Screws, No. 8, | " | | 3 75 |
| 12 " 2 " " 6, | " | 32 | 3 84 |
| 34 " 2 " " 8, | " | 35 | 12 90 |
| 10 Gross 1x8 Nickle-plated Screws, | " | | 9 18 |
| 10 " ¾x8 " " | " | | 2 47 |
| 10 " 1x8 Bronze Screws, | " | | 2 47 |
| 1 " 1x8 Blued " | " | | 25 |
| 1 " 2x8 " " | " | | 35 |
| 100 Brass Tips for Goose Necks, | " | | 8 00 |
| Miscellaneous Screws, | " | | 5 00 |
| 3 2-Indicating Bells, | " | | 4 20 |
| 2 4 " " | " | | 4 90 |
| 58 lbs. Annunciator Wires, | " | 27 | 15 66 |
| 86 yds. No. 14 Flexible Cord, | " | | 7 31 |
| 1 7-Foot Step-ladder, | " | | 1 45 |
| 1 10-Foot Step-ladder, | " | | 1 75 |
| 1 200-lb. Scale, | " | | 3 50 |
| 4 Chairs, | " | | 4 00 |
| 1 Writing Desk, | " | | 15 00 |
| 2 Cuspidors, | " | | |
| 200 16 C. P. Lamps, | " | 70 20 per cent. | 112 00 |
| 172 25 C. P. Lamps, | " | 80 20 per cent. | 109 00 |
| 43 50 C. P. Lamps, | " | 1 60 20 per cent. | 52 40 |
| 500 No. 1 Cleats, | " | | 1 75 |
| 500 No. 2 " | " | | 2 00 |
| 200 No. 2 " | " | | 1 00 |
| 225 Tablet Boards, | " | 18 | 40 50 |
| 191 lbs. No. 10 F. & W. P. Wire, | " | | 45 84 |
| 265 lbs. No. 8 F. & W. P. Wire, | " | | 60 95 |
| 13 Reels, | " | 1 50 | 19 50 |
| 200 lbs. No. 14 F. & W. P. Wire, | " | | 53 00 |
| 95 lbs. No. 12 F. & W. P. Wire, | " | | 23 75 |
| 200 lbs. Sal., | " | 8 | 16 00 |

| | | | |
|---|---|---:|---:|
| 80 lbs. of Tacks, | " | 8 | 6 40 |
| 200 ft. 10 Lead-cased Wire, | " | | 10 80 |
| 30 ft.  8  "  " | " | | 1 89 |
| 100 ft. 14  "  " | " | | 4 50 |
| 50 lbs. Scrap Wire, | " | 10 | 5 00 |
| 300 ft. Moulding, | " | | 3 00 |
| 100 ft. Cherry Lumber, | " | | 5 00 |
| 40 ft. Speaking Tubes, | " | | 80 |
| 3 10″ Sweep Braces, | " | 2 25 | 6 75 |
| 6½ lbs. Solder, | " | | 2 28 |
| 90 Paste-board Boxes, | " | | 1 35 |
| 300 ft. Pine Lumber, | " | | 7 50 |
| 84 Crow Feet, | " | 10 | 8 40 |
| 118 Large Blocks, (Cherry) | " | | 2 36 |
| 152 Small Blocks, (Cherry) | " | | 5 00 |
| 8 lbs. Hard-rubber Tubing, | " | 85 | 4 25 |
| 1 Fancy Hall Lamp, | " | | 5 80 |
| 33 Bronze Plate Pushes, (underway) | " | 25 | 8 25 |
| 36 lbs. Castings, | " | 35 | 12 60 |
| 25 5½-lb. Castings, | " | 23 | 58 77 |
| 18 Annunciator Drops, | " | 50 | 9 00 |
| 23 lbs. Pellinger's Compound, | " | 66 | 15 18 |
| 21 lbs.       " | " | 66 | 13 66 |
| 100 Rubber Bases, | " | 8 | 8 00 |
| 1,091 Porcelain Bases, | " | 5 | 54 55 |
| 52 Rubber Disques, | " | 5 | 2 60 |
| 6 lbs. of Waste, | " | 10 | 60 |
| 48 lbs. of Strip Brass, | " | 23 | 11 04 |
| 13 lbs. of Steel Wire, | " | 15 | 1 95 |
| Electric Light Wiring, | | | 225 00 |
| Carpenter Work—Cupboards, Shelving, Benches, etc., | | | 150 00 |
| Engine House, Counter, Shelving, Machinist's Bench, | | | 168 00 |
| Steamfitting, Water and Gas pipage, | | | 264 00 |
| Pulleys, Belting, Wrenches, Taps, Dies and Drills, | | | 317 00 |
| Main Shafting and Fitting, | | | 67 00 |
| Fitting Machine Shop, | | | 250 00 |
| Boiler and Engine, | | | 300 00 |
| Gas Regulator, | | | 28 00 |
| 1 Fire Extinguisher, | | | 18 00 |
| 1 Grindstone, | | | 6 00 |
| 1 Engine Lathe, | | | 70 00 |
| 3 Machinist's Vices, | | | 13 00 |
| 1 Hand Lathe, | | | 25 00 |
| Chemicals, | | | 10 00 |
| 1 Brass Lathe, | | | 746 90 |
| 1 Profiler, | | | 373 35 |
| 58 lbs. of Scrap Brass, at 10 cents, | | | 5 80 |
| Special Tools, Punches, Dies, Jigs, Templets, etc., | | | 250 00 |
| Office Furniture, | | | 300 00 |
| Painting and Oiling Office and Sign Painting, | | | 60 00 |

| | |
|---|---:|
| 1 Can of Laquer, . . . . . . . . . . | 4 75 |
| Bronze Tubing, . . . . . . . . . . | 3 00 |
| Patterns, . . . . . . . . . . . | 120 00 |
| Foot Punch, . . . . . . . . . . | 35 00 |
| Stationery, Printing, etc., . . . . . . . . | 65 00 |
| Total, . . . . . . . . . . | $5,501 60 |

Recorded May 19, 1890.

The court charged as follows :

In this case the fact of the indebtedness is not disputed, nor is the amount of the indebtedness disputed.

It is $681 with interest from November 9, 1892.   The plaintiff brings suit against them as partners, although they are doing business under the name of the National Electric Company, Limited, and claim to be a limited partnership under the acts of assembly which relieve partners from liability other than upon their stock.   The plaintiff claims those articles of association were not sufficient to constitute a limited partnership under the act of assembly, and that therefore they are liable as general partners.

The opinion of the court is that the articles of association are not a sufficient compliance with the law, and that therefore the defendants became general partners and are liable as general partners for this indebtedness.

Your verdict should therefore be against them for the amount admitted to be due.

Verdict for plaintiff for $766.85.   Defendants appealed.

*Error assigned*, among others, was (3) opinion of the court, quoting it.

*C. S. Fetterman, S. A.* and *Charles M. Johnston* with him, for appellants.—Should any question be raised as to the sufficiency of the signatures of the members of said copartnership, we beg leave to refer to Lafflin & Rand Company v. Steytler, 146 Pa. 434, wherein it is said in regard to the signatures of the members that it " Is to provide for certainty of identification, and the requirement has nothing further in view."

A substantial compliance with the provisions of the act is all that is required, and in this case we contend that there has been a full compliance with the law.

In Maloney v. Bruce, 94 Pa. 249, there was a mere lumping of the property contributed, without any intimation or indication as to the quantity, quality or value thereof, except a lump value of so much.

In Sheble et al. v. Strong, 128 Pa. 315, there was no schedule giving description and valuation of property but merely lump sums.

In Van Horn et al. v. Corcoran, 127 Pa. 255, the statement filed was more vague and indefinite than in Maloney v. Bruce.

As to the requisities of the statement, we beg leave to refer to Lafflin & Rand Co. v. Steytler, 146 Pa. 434; Rehfuss v. Moore, 134 Pa. 462; Cook v. Bailey, 146 Pa. 328.

*F. P. Iams, C. C. Brock* with him, for appellee.—There is nothing on record whatever or in the statement showing that the anonymous schedule was ever signed, acknowledged or recognized in any manner whatever by the subscriber to the partnership association statement.

The anonymous schedule in question contains numerous lumping and indefinite items of property which would render the statement in question wholly void if it had been inserted in the statement and connected with the names of the parties attempting to contribute property to the capital stock of the partnership association : Gearing v. Carroll, 151 Pa. 79 ; Van Horn v. Corcoran, 127 Pa. 255 ; Maloney v. Bruce, 94 Pa. 249.

OPINION BY Mr. JUSTICE McCOLLUM, January 6, 1896 :

It seems to us that in the formation of the National Electric Company, Limited, there was a sufficient compliance with the act of June 2, 1874, and its supplements. The capital of the company was $8,500 and divided into shares of $25.00 each. Two thousand nine hundred and ninety-eight dollars and forty cents of it was contributed in cash and the balance in personal property. The alleged defect in the formation of the company was in the schedule of the personalty. The plaintiff claimed that the schedule was not sufficiently specific to satisfy the requirements of the supplementary act of May 1, 1876. It was attached to and made part of the statement required by the act of 1874 and was so recorded. It consisted of a hundred and

fifty-one items, the integrity and valuation of which were not questioned, and they afforded, we think, a sufficient identification and description of the property contributed.

The plaintiff cites and relies on Maloney v. Bruce, 94 Pa. 249; Van Horn v. Corcoran, 127 Pa. 255, and Gearing v. Carroll, 151 Pa. 79, as supporting his contention that the schedule was defective. But a reference to the schedules condemned in the cases cited shows that the condemnation of them does not necessarily or reasonably operate as a condemnation of the schedule in this case. In no case in which the schedule was held insufficient to answer the purpose of the statute was there a specification of the property so complete, descriptive, and clear as in this.

In Laflin & Rand Co. v. Steytler, 146 Pa. 434, our brother Mitchell, in discussing the statutory requirement as to schedule said, "It is not intended, however, nor would it be practicable, in many cases where an existing business is the basis of the new firm, to require minute specification of details that may change from day to day. Certainty to a fair business intent is the safe, practical criterion." This view appears to be reasonable and applicable to some of the items, at least, in the schedule complained of in this case as insufficient. In Cook v. Bailey, 146 Pa. 328, Chief Justice PAXSON, speaking for this court on the same subject said: "It was never intended that these acts should be used as a trap to catch persons who have honestly complied with their substantial requisites, and impale them upon a meaningless technicality." That the defendants in forming the National Electric Company, Limited, honestly sought to comply with the statutes, and that their schedule of the items and value of the property contributed was elaborate and truthful is not denied, and that this schedule was sufficient to enable parties dealing with the company to readily ascertain the kind, amount and value of the property contributed to its capital we have no doubt. The names of the persons contributing the property and the amount contributed by each appear in the statement, and this in connection with the specification is a sufficient compliance with the provision of the statute in relation thereto.

We think the learned court below erred in refusing the defendants' third point.

Judgment reversed.