### G. H. SHEBLE ET AL. v. T. STRONG ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 17, 1889—Decided October 7, 1889.

1. Where a portion of the captial stock of a limited partnership, organized
   under the act of June 2, 1874, P. L. 271, is contributed in machinery,
   the recorded statement must show a schedule with a detailed description
   and valuation of the machinery, as required by the act of May 1, 1876,
   P. L. 89, otherwise the members will be liable as general partners.[*]
2. The question is not one of good faith on the part of the members, nor
   of notice to creditors, nor whether the creditors had actual knowledge
   of the facts required to be set out in the recorded statement, but whether
   the members conformed to the law in their attempt to form a limited
   partnership.
3. A prior judgment recovered against a limited partnership is not a bar
   to an action for the same demand brought against the members as gen-
   eral partners, because in the prior action the question of liability of the
   members as general partners is not involved, while in the latter it is
   the main question.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
MITCHELL, JJ.

No. 408 January Term 1889, Sup. Ct.; court below, No. 390
December Term 1887, C. P.

On November 19, 1887, George H. Sheble and Charles M.

---

[*] See Vanhorn v. Corcoran, 127 Pa. 255.

Hill, trading as Sheble & Hill, brought assumpsit against Theodore Strong and a large number of others, "copartners doing business, or late doing business, as The Pittston Knitting Company, Limited." The plaintiffs filed a statement of claim upon a book account and a note dated February 28, 1882, at three months, for $2,425.52, made by "Pittston Knitting Co., Limited, Wm. Allen, Treas." An affidavit of defence was filed which set up four matters of defence: 1. That the defendants were a limited partnership association, in which the capital alone was liable for the debts, and that they were not individually liable. 2. That in addition to the notice contained in their statement, the plaintiffs had actual notice of the character and kind of machinery. 3. That the plaintiffs were estopped from proceeding with this action, for the reason that they had proceeded against the "Pittston Knitting Company, Limited," and obtained judgment against them. 4. That prior to the bringing of this suit some of the members of the company had died, some had moved away and others had become insolvent.

A rule for judgment having been taken, the court, RICE, P. J., on December 3, 1888, filed the following opinion and order:

I. The articles of association, after setting forth the names and residences of the members, and the amount of capital subscribed by each, proceed as follows:

"The total amount of capital of the said association is $25,000, of which amount the sum of $15,050 has been subscribed for and is payable in cash, and the remaining $9,950 has been subscribed for and is payable in machinery suitable for the uses of the association, and accepted and to be accepted at a valuation to be approved by all the members subscribing to the capital of the association . . . . . The subscriptions of Daniel M. Stimson, $4,000, and of Francis C. Stimson, $2,000, were made and have been paid in machinery valued and accepted for the said amounts in manner as aforesaid. The subscription of Daniel M. Stimson for $3,950 was also made and is payable in machinery to be valued and accepted in manner as aforesaid, but upon condition that no certificate or other evidence of this share of the capital stock shall be issued to the said D. M. Stimson until the said machinery shall have been fully paid for and the lien of the vendors fully satisfied."

We have then the case of an attempt to form a limited partnership, of which a considerable portion of the capital was contributed or to be contributed in machinery. As we understand the decisions, such an association was not contemplated by the act of 1874. So far as that act affects the question, the fault is not in the recorded statement, but is inherent in the very formation of the association as shown by the statement; in other words, the act of 1874, as construed by the courts, does not authorize the formation of a partnership with limited liability of its members " by subscribing and contributing capital thereto " in anything but cash: Bement v. Philad. Brick Co., 5 W. N. 58; Keystone B. and Sh. Co. v. Schoellkopf, 11 W. N. 132; Maloney v. Bruce, 94 Pa. 252; Eliot v. Himrod, 108 Pa. 569. The legislature conceiving this to be a defect in the law, passed the act of 1876, which authorized contributions to the capital to be made in real or personal estate, mines or other property, but required that in the statement to be recorded subscriptions to the capital, whether in cash or in property, shall be certified according to the fact, and that a schedule containing the names of the parties contributing property with a description and valuation of the same shall be inserted. This act is to be construed as if written into the act of 1874, and where it applies its provisions must be strictly complied with, before the individuals constituting the association can claim immunity from general liability held out by the original act. Has this been done? For the present purposes we must assume that the subscriptions are certified according to the fact, but it is too plain for argument that the statement does not contain such a detailed description and valuation of the machinery as the act of assembly imperatively requires: Maloney v. Bruce, 94 Pa. 252. This is as fatal as would be the omission from the statement of any other essential prescribed by the act of 1874. Furthermore, the question is not one of good faith on the part of the defendants, or of notice to creditors, but whether the defendants have conformed to the law in their attempt to form a limited partnership; if they have not, their attempt is abortive, and it is no defence that creditors had actual knowledge of the facts required to be set forth in the statement. "If the parties have not complied with the statutory requirements a limited partnership has not been formed;

where there is no record of a proper statement there is no statutory association. . . . . Where they are sued for a debt and claim immunity founded on such statement, it is competent for the plaintiff either to point to a fatal defect on its face or to prove that an essential requisite, though formally stated, is falsely stated:" Eliot v. Himrod, 108 Pa. 569; Pears v. Barnes, 1 Cent. R. 569. It is averred in the affidavit of defence that the plaintiffs had actual knowledge of the extent and nature of the capital of the association and extended credit on the basis of a liability limited to such capital. The immediate context shows that the defendants do not mean to aver that there was an express contract limiting their individual liability to the plaintiffs, and we have already suggested that the mere fact of actual notice to the latter of the nature and extent of the capital is immaterial. The language of the Supreme Court in a case arising under the act of 1836 may be appropriately quoted here : " If the plaintiffs knew they held themselves out as a limited partnership, they also knew that if they failed to comply with the requisites of the act, they became general partners and were liable as such. The presumption is that the contract was made in reference to the legal rights of the parties, and this presumption can alone be rebutted by clear proof of an express contract waiving all the plaintiffs' rights under the statute :" Andrews v. Schott, 10 Pa. 47.

II. If the foregoing conclusions are correct, the plaintiffs had a choice of remedies : They could sue the defendants as a limited partnership in the mode prescribed by the act, and upon failure to recover their debt by execution against the association could have execution against the non-paying members for the amount of their unpaid subscriptions, as that was permitted in Maloney v. Bruce, and Keystone B. and S. Co. v. Schoellkopf ; or they could treat the defendants' attempt to form a limited partnership as a nullity and sue them as general partners, as was done in Eliot v. Himrod. But, having chosen the former remedy and prosecuted their suit to judgment and execution, can they now resort to the latter? We think not. In the former case, it is true, the suit was against the association by name, and process was served on an officer ; nevertheless it must be remembered that these associations are not corporations, but partnerships, which upon the performance of certain

acts, possess specified rights and immunities. For convenience they have many of the features and powers of corporations, such as the right to sue and be sued in the association name: Eliot v. Himrod, supra. So also, service of process may be made on an officer, but such service has no other or greater effect than if it were made on each and every member of the association: § 3, act of 1876. Such service is evidently allowed as a substitute for personal service for convenience sake, but this mode of bringing the defendants into court does not, in our judgment, make them any the less parties to the suit. Therefore, we think it perfectly proper to say, that in both cases the parties and the cause of action are the same, and the latter is now merged in the judgment obtained in the first suit: Duffy v. Lytle, 5 W. 120; Baxley v. Linah, 16 Pa. 250; Jones v. Ellison, 10 W. N. 205. Again, by adopting the method of suing the defendants prescribed by the act of assembly the plaintiffs affirmed that the defendants had associated themselves together under the act as a limited partnership, but according to Maloney v. Bruce, with a right to treat the subscriptions of the Stimsons as unpaid. By suing the defendants as general partners for the same cause of action, the plaintiffs deny that the limited partnership has, or ever had, any valid existence. Having taken advantage of the provisions of the act beneficial to them, they now, by their second action, deny the existence of a fact essential to their right to maintain their first suit in the form and method then pursued. As a general rule it is true, a party may have as many remedies as the law gives, but with this qualification, that they be consistent. When one voluntarily chooses an appropriate legal remedy with knowledge of the facts and his rights, he will not generally be allowed afterwards to resort to an inconsistent remedy involving a contradiction of the ground upon which he before proceeded. "A man who obtains or defeats a judgment by pleading or representing an act in one aspect, will be precluded from giving it a different and inconsistent character in the subsequent suit upon the same subject:" McQueen's App., 104 Pa. 601. See also Pott's App., 5 Pa. 500; Arnold v. Fitzgerald, 76 Pa. 385; Edwards' App., 105 Pa. 103; Milroy v. Mining Co., 43 Mich. 321-8; 2 Herman on Estoppel, 1156–1178; Bigelow on Estoppel, § 642.

Opinion of the Court.

Believing that the case comes within these principles, we must discharge the rule.

The rule for judgment having been discharged, the plaintiffs took this writ assigning the said order refusing judgment for error.

*Mr. E. C. Sturges* and *Mr. John Bethell Uhle,* for the plaintiffs in error.

Counsel cited: Lauder v. Tillia, 117 Pa. 304; Tams· v. Lewis, 42 Pa. 410; Schriver v. Eckenrode, 87 Pa. 215; Commonwealth v. Waters, 11 Gray 83; 1 Greenl. Ev., §§ 522–524; Bigelow on Estoppel, 47; Herman on Estoppel, §§ 148–9, 216, 313; Chandler's App., 100 Pa. 265.

*Mr. George S. Ferris,* for the defendants in error.

Counsel cited, as to inconsistent remedies: Eliot v. Himrod, 108 Pa. 569; Martin v. Ives, 17 S. & R. 364; Hall v. Lacey, 37 Pa. 366; Smith v. Jack, 2 W. & S. 101; Burke's Est., 1 Pars. 470; McQueen's App., 104 Pa. 596; Edwards' App., 105 Pa. 103; Gas Co.'s App., 1 Penny. 100; Bigelow on Estoppel, §§ 642, 651, 661, 687; Bowen v. Mandeville, 95 N. Y. 237. Upon the conclusiveness of the former judgment: Bement v. Brick Machine Co., 5 W. N. 58; Keystone B. & S. Co. v. Schoellkopf, 11 W. N. 132; Maloney v. Bruce, 94 Pa. 249; Lauder v. Tillia, 117 Pa. 304; Bigelow on Estoppel, § 110; Baxley v. Linah, 16 Pa. 241; Duffy v. Lytle, 5 W. 120; Jones v. Johnson, 3 W. & S. 277; Gilchrist v. Bale, 8 W. 355; Marsh v. Pier, 4 R. 273; Hamner v. Griffith, 1 Gr. 193.

OPINION, MR. JUSTICE STERRETT:

In 1879, the defendants and others named in the summons attempted to organize a limited partnership association, under the act of 1874 and supplement, in the name of "The Pittston Knitting Company, Limited." Their articles of association or statement, as executed and recorded by them, fixed the capital at $25,000, of which $15,050 was payable in money, and the balance, $9,950, in machinery contributed by two of the subscribers, residents of New York. In some respects the statement conformed to the requirements of the act, but no schedule,

description, or valuation of the machinery was made. The only reference thereto is in article 3d of the statement, as follows:

"The subscriptions of Daniel M. Stimson for $4,000, and Frances C. Stimson, $2,000, were made and have been paid in machinery valued and accepted for said amounts in manner as aforesaid. The subscription of Daniel M. Stimson, for $3,950, was also made and is payable in machinery to be valued and accepted in manner as aforesaid, but upon condition that no certificate for or other evidence of this share of the capital stock shall be issued to the said Daniel M. Stimson until the said machinery shall have been fully paid for and the lien of the vendors fully satisfied."

The plaintiffs, Sheble & Hill, brought suit against the "Pittston Knitting Company, Limited," for material furnished by them to the company, and in due course obtained judgment, on which they were unable to realize anything. They then brought this action against the defendants and others who composed the company, claiming to hold them liable as general partners, on the ground that in attempting to organize themselves into a limited partnership association they had neglected to comply with the provisions of the act. As disclosed by the affidavits, the grounds of defence are: (1) That defendants were a limited partnership association in which the capital alone was liable for the debts, and they were not individually liable; (2) That in addition to the notice contained in their statement, the plaintiffs had actual notice of the character and kind of machinery; (3) That plaintiffs were estopped from proceeding with their action for the reason that they had proceeded against the "Pittston Knitting Company, Limited," and obtained judgment against it; (4) That prior to the bringing of this suit, some of the members of the company had died, and some had moved away, and others had become insolvent.

The last-mentioned ground of defence is so clearly destitute of merit that it may be dismissed without further notice. As has been fully shown by the learned president of the Common Pleas, the first and second grounds of defence are also untenable. Assuming that the subscriptions to the capital stock are certified according to the fact, it is very clear that the statement is fatally defective in that it does not contain such a detailed description and valuation of the machinery as the supplement of

1876 requires: Maloney v. Bruce, 94 Pa. 249. As was said in that case the property contributed was intended as the equivalent of a cash capital, and the plain object of the provision in the supplementary act, requiring a schedule, was to enable the creditors to ascertain precisely of what the property consisted and to judge of its value. If parties seek to enjoy the advantages of a partnership and yet limit their liability as to creditors, they must comply strictly with the provisions of the act. The question is not one of good faith on the part of the defendants, or of notice to creditors, but whether, in their attempt to form a limited partnership, they conformed to the law. If they did not, their attempt was abortive, and it is no defence that creditors had actual knowledge of the facts required to be set out in the recorded statement. The averment in the affidavit of defence that plaintiffs had actual knowledge of the extent and nature of the capital of the association, and gave credit to it on the basis of a liability limited to such capital, is therefore insufficient. The immediate context shows that defendants do not mean by that averment to allege that there was any express contract between them and plaintiffs, whereby the liability of the former was limited to the capital stock subscribed as set forth in the statement.

All our cases on the subject sustain the position that a strict compliance with the statutory requirements is essential to the formation of a limited partnership. Where there is no record of such a statement as the statute requires, there is no statutory association. When immunity from liability is claimed under the provisions of the act, it is competent for the plaintiff, either to point out a fatal defect on the face of the recorded statement, or to prove that an essential requisite, though formally stated, is falsely asserted: Eliot v. Himrod, 108 Pa. 569; Hill v. Stetler, 127 Pa. 145.

The main ground of defence and the one on which the affidavit was adjudged sufficient is, that the plaintiffs having proceeded to judgment and execution against the "Pittston Knitting Company, Limited," in the mode pointed out by the act of assembly, are estopped from proceeding against defendants as general partners.

The defendants themselves are not in a position to complain. They attempted as we have seen, to form a limited partnership,

Opinion of the Court.

but failing to comply with the provisions of the act, they were not entitled to claim its benefits. Plaintiffs had a right to sue them as a limited partnership association in the mode pointed out by the act, because they held themselves out as such association, and upon failure to recover their debt by execution against the association, they might have had execution against the non-paying members, if any there were, for the amount of their unpaid subscriptions; or, as they did in this suit, they had a right to treat the attempt of defendants to form a limited partnership as a nullity and proceed against them as general partners. The actions are not the same either in form or effect. In the one, the association is made defendant, without naming the individuals who compose it, and service of process is made on one of the officers, who are agents of the members only to the extent of their interest in the association. In the other, the persons who compose the general partnership are joined as defendants, and if liable at all as partners, each is liable for the entire debt, and not merely to the extent of his interest in the partnership, provided all are served with process or voluntarily appear. The measure of liability in each, respectively, is different. In the one, it is general; in the other, it is limited to the property of the association, which of course includes unpaid stock due by individual members. For the same reasons the actions are not inconsistent.

The defence under consideration is in the nature of a plea of former recovery. Considering it in that light it was incumbent on the defendants to show not only that the parties to both actions were the same, but that the questions to be adjudicated were raised and determined in the former suit. A former judgment is not conclusive of anything that was not directly decided by it, or was not material to the decision. Before such effect can be given to it in another suit, it must appear either from the records or aliunde that it must have rested on the same question or questions that are sought to be raised in the second action: Tams v. Lewis, 42 Pa. 410; Schriver v. Eckenrode, 87 Pa. 215. Conceding for argument sake, that the debt sued for is the same, in both cases, and that the present defendants are of those who constituted the association that held itself out as a limited partnership, it is nevertheless true that the question of liability, as general partners,

Syllabus.

was not in any manner involved in the first suit, while in the present action that is the main question. We are therefore of opinion that the learned judge erred in not holding that the affidavit of defence was insufficient.

> Record remitted to the court below with direction to enter judgment against defendants for the amount claimed by plaintiffs, unless other legal or equitable cause be shown to said court why such judgment should not be entered.