# Seltzer, Appellant, *v.* Fertig.

*Public officers—Appointed officers—Removal—Art. VI, Sec. 4, and Art. V, Sec. 22, of the Constitution—Assistant clerk of Orphans' Court.*

1. Assistant clerks of the Orphans' Court are "appointed officers," within the meaning of Art. VI, Sec. 4, of the Constitution, and as such "may be removed at the pleasure of the power by which they shall have been appointed."

2. Assistant clerks of the Orphans' Court, who are appointed under the provisions of Art. V, Sec. 22d, of the Constitution by the register of wills "with the consent and approval of said court," may be removed by the register of wills without the consent of the Orphans' Court.

Argued April 30, 1912. Appeals, Nos. 125 and 126, Jan. T., 1912, by H. H. Seltzer, from orders of O. C. Schuylkill Co., enjoining the removal of John H. Fertig as assistant clerk of the Orphans' Court and directing the attestation of salary bill. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition to confirm appointment of Thomas A. McCarthy as assistant clerk of the Orphans' Court.

From the record it appeared that on January 1, 1912, H. H. Seltzer, who had been elected to the office of the register of wills, filed a paper in the Orphans' Court setting forth the fact that he had removed J. H. Fertig as first assistant clerk of the Orphans' Court, and had appointed Thomas A. McCarthy in his place. The paper requested the approval of the appointment of McCarthy.

The court made the following order:

"And now, March 4, 1912, it is ordered and directed that H. H. Seltzer, Register of Wills, acting as clerk

of the Orphans' Court, permit John H. Fertig, the first assistant clerk of the Orphans' Court, to perform his duties. in said office, and he is enjoined from further interfering with the said John H. Fertig, in the performance of his duties as first assistant clerk of this court, either by force or in any manner whatsoever."

And now, March 4, 1912, H. H. Seltzer, Register, acting as clerk of the Orphans' Court, is ordered and directed to attest the bill of John H. Fertig for the sum of two hundred and eight dollars and thirty-three cents, the salary due him for the month of January, 1912, so that the same may be countersigned by this court in the orderly and legal manner required by the act.

*Error assigned* in Appeal No. 125 was the first order above quoted.

*Error assigned* in Appeal No. 126 was (4) the second order as above quoted.

*Otto E. Farquhar, Carl H. Wagner* and *Guy E. Farquhar,* for H. H. Seltzer.

*T. H. B. Lyon,* with him *M. H. Spicker,* for J. H. Fertig.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

The question involved in this controversy is whether the register of wills, who is ex-officio clerk of the Orphans' Court, has power to remove from office an assistant clerk of the Orphans' Court without the consent of that court. It is contended on behalf of the appellant that the register of wills has the power of appointment and can remove his appointees at will. The court below held that the appointing power is the register of wills in conjunction with the court, and that, therefore, the power of removal is only to be exercised with the consent and approval of the court. Article VI, Section 4, of the

Constitution provides that "Appointed officers......
may be removed at the pleasure of the power by which
they shall have been appointed." If, then, assistant
clerks are appointed officers within the meaning of this
clause of the Constitution, they may be removed at the
will of the appointing power. That they are properly to
be classed as appointed officers seems clear from the
language of Article V, Section 22, of the Constitution,
which says that the register of wills as clerk "may ap-
point assistant clerks," thus recognizing them as consti-
tutional officers. It appears from the opinion that the
court below regarded the decision in Com. v. Black, 201
Pa. 433, as authority for classifying an assistant clerk
of the Orphans' Court as a petty officer, not to be prop-
erly included within the term "appointed officers" as
used in the Constitution. We are unable to agree with
this conclusion. In the case last cited, it appeared that
an Act of Assembly in providing for the government of
cities of the third class, gave to the mayor the power
to nominate, and by and with the advice and consent of
the select council, to appoint, suspend or dismiss, po-
licemen. By the express terms of the Act of Asembly
the mayor was permitted to exercise the power of re-
moval, only with the consent of council. The court there
held that a policeman was a petty officer, not intended
to be included in the constitutional provision, and, there-
fore, he was subject as to appointment and removal, to
legislative regulation. But in the present case there is
no legislative enactment attempting in any way to inter-
fere with the power of removal of appointed officers, as
set forth in the Constitution. Nor are we able to regard an
assistant clerk of the Orphans' Court as a mere petty
officer. The office is expressly recognized by the Consti-
tution, and its duties involve the keeping of the records
of the court, the handling of public moneys, the grant-
ing of marriage licenses, and the issuing of process in
the name of the court. The proper discharge of these
duties calls for the exercise of prudence and discretion.

In our opinion, assistant clerks of the Orphans' Court are properly to be regarded as appointed officers within the meaning of the Constitution, and as such it follows that they "may be removed at the pleasure of the power by which they shall have been appointed." The present contention will, therefore, be determined by ascertaining in whom the power of appointment is vested. The constitutional provision in this respect is (Article V, Section 22) : "He (the Register of Wills acting in his capacity as clerk) may appoint assistant clerks, but only with the consent and approval of said court." The provision is quite similar to that which was under consideration in the case of Lane v. Com., 103 Pa. 481. In Article IV, Section 8, of the Constitution it is provided that the governor "shall nominate, and by and with the advice and consent of two-thirds of all the members of the senate appoint......such other officers of the Commonwealth as he is or may be authorized by the Constitution or by law to appoint." The Act of Assembly of April 18, 1878, P. L. 26, Section 1, provided that "Recorders of cities of the first class shall be appointed by the governor by and with the advice and consent of the senate." In the case cited it was held that by virtue of the provision of Section 4, of Article VI, of the Constitution (which is that which we are now considering) the governor might lawfully remove a recorder appointed under the Act of 1878, and that the consent of the senate to such removal was unnecessary. Mr. Chief Justice MERCUR said (p. 485) : "As already shown, the Constitution declares in Section 8 cited, the Governor shall nominate and he shall appoint. Before he completes the appointment the senate shall consent to his appointing the person whom he has named. It may prevent an appointment by the governor, but it cannot appoint. It may either consent or dissent. That is the extent of its power. There its action ends. It cannot suggest the name of another." And further on it is said (p. 487) : "As we have shown, the letter and the spirit

of the Constitution both unite in declaring this power
to be in the governor, it necessarily follows that officers
appointed by him, other than those excepted, may, in the
language of the Constitution, be removed at his pleasure."

In like manner the register of wills is empowered by
the Constitution to "appoint assistant clerks......with
the consent and approval of said court." And, following
the reasoning in the opinion in Lane v. Com., supra, the
power of the register in making the appointment is substantially like that of the governor in the instance noted,
and the court in bestowing or withholding its consent
and approval performs a function similar to that of the
senate.  It may prevent an appointment by the register,
but it cannot appoint.  It may either consent or dissent.
That is the extent of its power, and there its action ends.
The appointing power is that of the register, and, therefore, the power of removal remains in him alone.  This
conclusion is consistent with the decision in Reid v.
Smoulter, 128 Pa. 324, where, speaking of the right of
the register to appoint, Mr. Justice CLARK said (p. 335) :
"This right was vested in him by the very terms of the
Constitution.......It will not be seriously contended
that the legislature had any power to pass upon the
necessity for the appointment, for this discretion is expressly committed to the clerk, who is to act with the
consent and approval of the court."  In the opinion the
further statement is made (p. 335) :  "There was no
power competent to remove him, save the tribunal which
conferred the appointment."  In the present case the
court below lays some stress upon the use of the word
"tribunal" as necessarily involving action by the court.
But it is evident that the phrase "tribunal which conferred the appointment" is merely used as an equivalent
to the constitutional phrase "the power by which they
shall have been appointed."  No other or additional significance can fairly be attached to the words.  Our conclusion is, therefore, that, while the register may ap-

point an assistant clerk only with the consent and approval of the court, yet the power of removal is in the register alone. The court below was, therefore, without authority to make the order enjoining the register of wills from removing the former appointee from office, or the order directing that the bill be attested for the payment of his salary.

Appeals from each of the separate orders of the court below were here presented and argued together, and they will be disposed of together. In the appeal at No. 125, January Term, 1912, the assignment of error is sustained; and in the appeal at No. 126, January Term, 1912, the fourth assignment is sustained. The decree of the court below in each case is reversed.