## Morgan et ux. v. Adamson et al., County Commissioners.

*Public officers — Removal — Power to appoint with approval of court — Prison officials — Schuylkill County — Act of April 1, 1852 — Constitution, art. vi, sect. 4.*

Although an act of assembly authorizes county commissioners to appoint prison officials with the approval of two of the judges of the Quarter Sessions, the president being one, the commissioners may remove such officials without the concurrence of the judges.

Act of April 1, 1852, P. L. 211, and article vi, section 4, of the Constitution, considered.

Demurrer to bill in equity. C. P. Schuylkill Co., Nov. T., 1923, No. 1.

*Henry Houck,* for plaintiffs.

*E. D. Smith, Charles A. Snyder* and *A. L. Shay,* for defendants.

BERGER, J., Sept. 24, 1923.—The plaintiffs have filed a bill in equity to restrain W. R. Adamson, Joseph Davenport and P. J. Cuff, County Commissioners of Schuylkill County, from dismissing them as warden and matron, respectively, of the Schuylkill County Prison. The defendants have demurred to the bill on the ground that (1) the subject-matter of the bill is not cogniz-

Morgan et ux. *v.* Adamson et al., County Commissioners.

able in equity; (2) the plaintiffs are improperly joined; and (3) the plaintiffs have an adequate remedy at law. .

From the admissions arising out of the pleadings we learn that the defendants appointed the plaintiffs on March 5, 1923, to the offices respectively held by them for the term of one year, commencing April 1, 1923, and these appointments, having been duly certified to the Court of Quarter Sessions, were approved by it on March 12, 1923. The plaintiffs, having entered upon the discharge of the duties of their respective offices on April 1, 1923, were notified that they had been removed therefrom, to take effect Sept. 10, 1923, by the action of the county commissioners, taken Sept. 6, 1923, without the approbation of two of the judges of the Court of Quarter Sessions, the president being one.

The manner of appointing and removing the warden and matron of the Schuylkill County Prison is regulated by the 1st section of the Act of April 1, 1852, P. L. 211, which requires the county commissioners to nominate annually and, with the approbation of the Court of Quarter Sessions, to appoint a keeper and matron for a term of one year, who may be dismissed during the term of their appointment by the county commissioners, with the approbation of two of the judges of the Quarter Sessions, the president being one.

The plaintiffs contend that their removal is illegal and void because made without the approbation of two judges of the Court of Quarter Sessions, the president being one. This contention is founded on the theory that the Act of 1852 makes the county commissioners and the Court of Quarter Sessions, conjointly, the power in which is vested the right to appoint a keeper and matron of the prison. The power of appointment conferred upon the county commissioners is thus stated: "They shall annually nominate and, with the approbation of the Court of Quarter Sessions, appoint a keeper, matron," etc. In the construction of article XI, section 2, of the Constitution of the United States, 1 Purdon, 48, providing that the President "shall nominate and, by and with the advice and consent of the Senate, shall appoint" certain public officers, it was held that the general power of appointment vested in the President alone, and by virtue thereof he might remove an officer, even though appointed by and with the advice and consent of the Senate, unless restrained by statute: Parsons *v.* United States, 167 U. S. 324, 42 Law Ed., 185. So, too, it was held in Seltzer *v.* Fertig, 237 Pa. 514, that the power conferred by article VI, section 4, of the Constitution of Pennsylvania upon the register of wills to appoint assistant clerks of the Orphans' Court "with the consent and approval of said court" did not vest the power of appointment in the register of wills in conjunction with the court.

Article VI, section 4, of the Constitution of Pennsylvania, 1 Purdon, 184, provides, *inter alia*, that "appointed officers, other than judges of the courts of record and superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." In the exercise of this power the plaintiffs have been lawfully removed by the county commissioners, with the wisdom or good faith of whose action we have no concern. To hold that the county commissioners could not remove the warden and matron without the approbation of two judges of the Court of Quarter Sessions, the president being one, would violate the provision of the Constitution of the State just quoted. The plaintiffs' bill, therefore, sets forth no ground of action cognizable either at law or in equity; wherefore, the demurrer must be sustained and the bill dismissed.

And now, Sept. 24, 1923, the demurrer is sustained and bill dismissed, at the cost of plaintiffs.          From M. M. Burke, Shenandoah, Pa.