## Wolfe v. Burleigh, Treasurer.

*W. L. Jones* and *Richard B. Sheridan,* for plaintiff.
*D. O. Coughlin* and *B. W. Davis,* for respondent.

Kosek, J., June 14, 1928.—The Town Council of the Borough of Luzerne is composed of eight members, four of whom, to wit, Cornelius Boyle, John Lukish, Frank Layou and Joseph Nemetz, were old members whose terms had not expired, and four new members, to wit, Michael Utter, Melvin Frantz, Louis Marinos and Simon Zurenski, who were elected at the election of November, 1927, for a four-year term.

Jan. 2, 1928, the council, consisting of the eight members above mentioned, together with the burgess, Fred Banta, met to organize in the council room of the Borough of Luzerne. The new members presented their certificates of election and oaths of office. The burgess, Fred Banta, presided at the meeting. Layou, one of the councilmen, objected to receiving the certificates of election and oaths of office of Utter and Frantz, on the ground that they were not residents of the borough. The burgess sustained the objection and refused to recognize them as councilmen and refused to allow them to vote in the organization of the council. Thereupon the remaining six councilmen, with the burgess presiding, proceeded to organize. Layou and Nemetz were nominated for president and each received three votes. Whereupon Burgess Banta cast his vote for Layou and declared him elected president. In like manner Grula and Sobeck were nominated for secretary and each received three votes. Thereupon Burgess Banta cast his vote for Grula and declared him elected secretary. W. W. Burleigh was elected treasurer without opposition.

On Jan. 3, 1928, at a regular meeting of the said town council, of which meeting all the councilmen had notice, five of the councilmen, namely, Michael Utter, Melvin Frantz, Louis Marinos, Joseph Nemetz and Simon Zurenski, organized by the election of Nemetz as president, Sobeck as secretary and Burleigh, respondent herein, as treasurer; and the said elected officers duly qualified and assumed the duties of their offices. The members present at this meeting constituted a majority of the council. Boyle, Lukish and Layou did not attend this meeting. Subsequently, at a regular meeting of the said town council on Feb. 7, 1928, with members Frantz, Utter, Marinos, Nemetz and Zurenski present, the said Joseph P. Nemetz presiding, the town council,

by motion duly passed and appearing on the minutes, approved and passed the bill of W. L. Wolfe, amounting to $7.75, for coal sold and delivered to the borough and directed that an order be drawn on the trasurer for that amount.

In pursuance of said resolution of the council of Feb. 7, 1928, an order in favor of the said W. L. Wolfe for $7.75 was drawn, signed by the said Joseph Nemetz as president and George S. Sobeck as secretary, and delivered to the said W. L. Wolfe.

W. L. Wolfe endorsed said order properly and presented the same to W. W. Burleigh, treasurer of the said Borough of Luzerne, and requested payment thereof, but the said W. W. Burleigh, treasurer as aforesaid, refused to pay said order.

Upon the refusal of W. W. Burleigh, treasurer of the Borough of Luzerne, to pay the order above referred to, W. L. Wolfe petitioned the court for a writ of mandamus, directing the said W. W. Burleigh, treasurer of the Borough of Luzerne, to pay said order. An answer was filed by W. W. Burleigh, treasurer of the Borough of Luzerne, either admitting the facts above mentioned or not denying the same. In the said answer the treasurer says that he is unable to determine which council is the rightful one, and, therefore, refuses to pay the order of either out of the borough funds.

To the answer of the said borough treasurer of Luzerne, the plaintiff, W. L. Wolfe, filed a demurrer, contending that nothing set forth in said answer, even if true, would constitute sufficient cause why a peremptory writ of mandamus should not issue to compel the defendant to perform his duty, as required by the allegations of said petition.

We do not deem it necessary to decide whether or not the organization meeting held on Jan. 2, 1928, was legal, but, in passing, we desire it understood that the burgess had no legal right to refuse to accept the certificates of election and oaths of office of the members of the council who had been elected at the November election of 1927.

In Kerr v. Trago, 47 Pa. 292, Lowrey, C. J., said: "In all cases of this kind, at least in all bodies that are under law, the law is, that where there has been an authorized election for the office in controversy, the certificate of election which is sanctioned by law or usage is the *prima facie* written title to the office and can be set aside only by a contest in the forms prescribed by law. This is not now disputed."

This was approved in Goldsworthy et al. v. Boyle et al., 175 Pa. 246.

The only question for us to decide is whether or not the majority had a legal right to elect new officers at the regular meeting on Jan. 3, 1928.

Article VI, section 4, of the Constitution of Pennsylvania provides: "That appointed officers, other than the judges of the court of record and the superintendent of public instruction, may be removed at the pleasure of the power by which they have been appointed."

If the president and secretary of the town council are appointed officers within the meaning of this clause of the Constitution, they may be removed at the will of the appointing power.

We are of the opinion that officers, such as president, secretary and treasurer of borough councils, are appointed within the meaning of article VI, section 4, of the Constitution of Pennsylvania, and that the council, at the meeting held on Jan. 3, 1928, had a legal right to elect other officers. See Com. v. Heinze, 43 Pa. C. C. Reps. 222; Howell v. Keeler, 23 Luzerne Legal Reg. 73; Richie v. Philadelphia, 225 Pa. 511; Seltzer v. Fertig, 237 Pa. 514; Lane v. Com., 103 Pa. 481; Com. ex rel. v. Likeley, 267 Pa. 310; Com. ex rel. v. Kelley, 2 D. & C. 797; Ulrich v. Coaldale Borough, 53 Pa. Superior Ct. 246.

Now, for the reasons herein stated, the demurrer is sustained and a peremptory writ of mandamus is directed to issue, commanding and requiring the defendant, W. W. Burleigh, treasurer of the Borough of Luzerne, to forthwith pay the order of W. L. Wolfe.

From Frank P. Slattery, Wilkes-Barre, Pa.